## WAGGONER ET AL. *v.* LISTON.

PLEADING.—*Denial.*—*Demurrer.*—Where there is a denial of a complaint, it is not error to sustain a demurrer to a paragraph of answer which states facts which simply amount to a denial.

PRACTICE.—*Weight of Evidence.*—That the finding is against the weight of evidence, is no ground for reversing a judgment.

SAME.—*Reasons for New Trial.*—*Too General.*—That the court erred in giving or refusing instructions, or in receiving or rejecting evidence, are reasons too general in their statement to present any question on appeal. The instructions or the evidence should be pointed out.

SAME.—*Demurrer.*—The ruling on a demurrer is no ground for a new trial.

APPEAL from the Wabash Common Pleas.

DOWNEY, J.—This was an action by the appellee against Waggoner and Steinberger, to recover the possession of forty barrels of whiskey, the property and right to the possession of which were alleged to be in the plaintiff, and of which it was alleged the defendants had possession, and unlawfully detained from the plaintiff. There was an answer by the defendants, reply thereto, trial by jury, verdict for the plaintiff, motion for a new trial overruled, and judgment on the verdict.

The following are the errors assigned:

"First, overruling demurrer to complaint; second, in sustaining demurrer to pleas; third, in excluding defendants' evidence; fourth, in admitting plaintiff's evidence; fifth, in overruling motion for new trial; sixth, in giving charges to the jury; seventh, in refusing charges to the jury."

We see no objection to the first and fifth assignments of error, and the second may be sufficient, if we are allowed to understand from the word "pleas" that the paragraphs of the answer were intended. The conclusion to which we have arrived, however, with reference to this alleged error renders it unnecessary that we should be very accurate in this matter. The third, fourth, sixth, and seventh assignments raise no question in this court. They are embraced in the fifth, if they were urged as reasons for a new trial.

First, the objection to the complaint is not followed up by counsel in their brief. They point out no defect in it. We have examined it, and think it sufficient. Second, the defendant Steinberger did not plead. Waggoner answered in eleven or twelve paragraphs, and among them the general denial. The first, second, and third, to which demurrers were sustained, were each a statement of facts intended to show that the plaintiff was not the owner and entitled to the possession of the whiskey. The facts were fully put in issue by the general denial of the complaint. This ruling cannot, therefore, be successfully assigned for error. Third, the fifth assignment of error requires us to examine the reasons assigned for a new trial. They are as follows: "First, that the finding of the jury is against the law; second, that the finding of the jury is against the weight of the evidence; third, that the court erred in its charges given to the jury; fourth, that the court erred in refusing to give to the jury charges asked to be given by defendants; fifth, that the court erred in refusing to allow evidence which the defendants produced and offered to the jury; sixth, that the court erred in allowing evidence on behalf of the plaintiff over the defendants' objection; seventh, and Steinberger, defendant, adds to the foregoing, that the court refused him the conclusion of the argument; eighth, the court below erred in sustaining demurrers to the defendants' answer, which are stated in the record."

What state of case would require the court to grant a new trial under the first reason assigned is not very definitely settled. It is freely used by counsel, occurring as a reason in the motion in almost every case where a motion is made. But, in a limited examination, we have found no case in this court where a new trial has been granted, for this reason. We will not say that there may not have been cases, or that they may not occur hereafter. But see *Bosseker* v. *Cramer*, 18 Ind. 44. Counsel state no ground on which a new trial should have been granted in this case for this reason.

The second reason for a new trial is not any of the reasons for which the court was authorized by statute to grant

a new trial. The statutory reason for granting a new trial on account of a defect of evidence is, "that the verdict or decision is not sustained by sufficient evidence." But if the common pleas could have granted a new trial because the verdict was "against the weight of the evidence," and refused to do so, this court could not reconsider that question. In *The Indianapolis, etc., Railroad Co.* v. *Trisler*, 30 Ind. 243, this court said, repeating, in substance, what had many times before been said: ".The appellant argues · the case as if this court were to weigh the evidence and determine the preponderance thereof. · Such is not our province. It must appear by the record, not merely that the finding below was against the weight of evidence, but that that finding was wrong beyond any question whatever, before we can interfere upon the evidence alone." If the reason had been in the statutory form, we would have examined the evidence; but as it is implied by the form of the reason given that there was some evidence on which the jury might have found as they did, and as the question is only as to the weight of the evidence, we cannot pass upon that question.

The next reason for a new trial was that the court erred in its charges given to the jury. This reason is indefinite. The court cannot, under such an objection, be required to search among the instructions given for the erroneous charges. In *Dawson* v. *Coffman*, 28 Ind. 220, in sustaining a reason more specific that this, this court overruled or questioned several cases previously decided, under which it would probably have been insufficient. This reason is not sufficiently specific to present any question. According to the case to which we have referred, if the motion had designated the objectionable charges as those to which the party had excepted, it would have been sufficient. All the charges given cover nine pages of the record. We do not know where to look for the erroneous charges.

The fourth reason was, that the court refused to give to the jury charges asked to be given by the defendants. Here again no charges are designated. Whether these charges

thus refused are in the record or not, we do not know. Whether there was an exception to this refusal to give these instructions or not, we are not informed.

The fifth reason was, that the court refused to allow evidence which the defendants produced and offered to the jury; and the sixth was that the court allowed evidence on behalf of the plaintiff over the defendants' objection. What evidence was refused? Is it in the bill of exceptions, or not? Was it the testimony of some witness, or was it documentary evidence? If the common pleas could know, we certainly cannot. What evidence was improperly admitted? The evidence covers fifty-five pages of the record.

Not even in their brief have counsel for the appellants pointed out any instruction as erroneous, or any piece or part of the evidence which they allege was rejected or admitted improperly.

The seventh reason for a new trial is by Steinberger alone, and is, that the court should have allowed him to close the argument. The record does not show that he had any answer in, or that he in any way contested the plaintiff's claim to the property. Why he should have had the closing speech in the argument, we are not informed. We think there is no foundation for this claim.

The eighth reason for a new trial was, that the court improperly sustained demurrers to the defendants' answers. This was no reason for a new trial. It had nothing to do with the trial of the case.

The judgment is affirmed, with costs.

*J. U. Pettit* and *T. T. Weir*, for appellants.

*J. D. Conner, W. Morrow*, and *N. Trusler*, for appellee.