## NISBET VS. GILL.

PRACTICE: APPEAL TO SUPREME COURT. (1) EXCEPTIONS *to charge must be specific. Ch.* 194 *of* 1874. (2) NEW TRIAL. *Record must show grounds of motion therefor.* (3) *When such motion may be treated as specific exception to charge.*

SALE OF WOOD. (4) *Slight admixture of unmerchantable wood in piles with full quantity of merchantable; whether sale affected thereby. Instruc-tions.*

1. The settled rule, that an exception "to each and every part of the judge's charge to the jury" is insufficient if any material part of the charge is correct, is not affected by ch. 194 of 1874, which allows exceptions to "any part of the judge's charge" to be taken at any time before the close of the trial term.

2. A general motion, on the minutes, for a new trial, where the record does not show whether it was made on exceptions, or for insufficient evidence, or for excessive damages (R. S., ch. 132, sec. 16), will not enable this court to review the charge.

3. If such a motion (which must be made during the trial term) should specify that some particular portion of the charge was erroneous, it might perhaps be treated as a valid exception to that portion, and enable this court to review it, on appeal.

4. On defendant's refusal to receive several hundred cords of wood duly tendered him pursuant to contract, upon the sole ground that there was no such contract, plaintiff set apart the wood for him, in piles of about a cord each, and notified him of the fact; and the testimony

VOL. XXXVIII.— 42

tends to show that there were some sticks of unmerchantable wood in some of the piles, but that said piles contained the required quantity of a merchantable character. The court having instructed the jury that " the wood measured and offered to be delivered must have been good merchantable wood " to entitle plaintiff to recover, there was no error in the refusal to further instruct them that if the wood set apart for defendant " was not *all* merchantable, and suitable for the purpose intended by the parties," plaintiff could not recover, or that, " if the suitable wood was in piles with unsuitable, defendant could not be required to assort it; " as such instructions would have required a verdict for defendant in case the jury had found that there was *any* unmerchantable wood in any of the piles, however insignificant in quantity.

APPEAL from the Circuit Court for *Fond du Lac* County.

The complaint alleges that the parties entered into a contract for a sale by the plaintiff to the defendant of two hundred cords of wood at three dollars per cord, to be delivered to the defendant at his brick yard in Fond du Lac ; and that the plaintiff was ready to deliver the wood, and tendered the same to the defendant according to the terms of the contract, but that the defendant refused to receive the same. Judgment is demanded for the contract price of the wood. Answer, a general denial. The question chiefly litigated on the trial was, whether any contract was made by the parties.

The testimony tends to show that the plaintiff took several loads of wood to the defendant's brick yard, and tendered the same to the latter pursuant to the alleged contract, but the defendant refused to receive the wood on the sole ground that he had not entered into any contract for the purchase thereof, and refused to allow the plaintiff to bring any wood into his yard ; and that the plaintiff thereupon set apart for the defendant two hundred cords of wood, of the kind and quality called for by the alleged contract, in piles of about a cord each, in the woods where the same was cut, six miles distant from the defendant's said brick yard ; and that he marked such piles with the defendant's name, and notified the defendant of what he had done.

Nisbet vs. Gill.

The circuit judge instructed the jury, among other things, that if the plaintiff was entitled to recover, the measure of his damages would be the contract price of the wood, and interest from the time the defendant had notice that the wood was set apart for him. The jury found for the plaintiff, and assessed his damages at such contract price and interest. A motion was made at the same term, on the minutes of the court, for a new trial. The motion was denied, and judgment entered on the verdict. The defendant appealed from the judgment.

*Coleman & Spence*, for appellant:

1. The tender made six miles from the agreed place of delivery was of no avail. It should have been made at the place named in the contract. 2 Parsons on Con., 646, 655. 2. A general exception to each and every part of the charge, is sufficient, if the whole body of the charge, in its general scope, is erroneous, as in this case. Even if the law had been otherwise, ch. 194, Laws of 1874, would have changed the rule. The reason of the rule contended for by respond· ent must be, that the court below should have its particu· lar attention called to the specific thing in the charge regarded as wrong, that there may be an opportunity for correc· tion. *Graves v. State*, 12 Wis., 591; *Gilman v. Thiess*, 18 id., 528; *Ayrault v. Pacific Bank*, 47 N. Y., 570. But by the act of 1874 a party is permitted to except beyond the time when the error can be cured by the court below. 3. The motion for a new trial upon the minutes of the judge, for errors in his rulings and because the verdict was contrary to evidence, gave a sufficient opportunity for a review of the whole case by the court below. 4. The court certainly erred in refusing to charge that the wood piled up must be *all* merchantable wood, the testimony showing conclusively that at least some portion of it was unmerchantable.

*S. L. Brasted* and *A. J. Nisbet*, with *Taylor & Sutherland* of counsel, for respondent:

1. The record does not show any reasons assigned in support

of the motion for a new trial. The reasons should have been given. *Prentiss v. Danaher*, 20 Wis., 311–320; 2 Whittaker's Pr. (3d ed.), 434. A motion for a new trial must show the error which is claimed to have been committed; and the court is not bound to help it out by any favorable construction. *Hoey v. Hoey*, 36 Conn., 386; *Rooney v. Grant*, 40 Ga., 191; *Bartlett v. Lewis*, 58 Me., 350; *Waggoner v. Liston*, 37 Ind., 357; id., 533; *Eden v. Lingenfelter*, 39 id., 19; *Brugamin v. Bradshaw*, 39 Cal., 24, 34; *Carrilo v. Smith*, 37 id., 337; *Butterfield v. R. R. Co.*, id., 381; *Caldwell v. Greeley*, 5 Nevada, 258; *Welch v. Bennett*, 39 Ind., 136. 2. The court did not err in refusing to give the instructions asked by defendant, since they were given in the general charge. *Osen v. Sherman*, 27 Wis., 501; *Williams v. Birch*, 6 Bosw., 300; *First Bap. Church v. Ins. Co.*, 23 How. Pr., 448. 3. A general exception to a charge is not available. *Gilman v. Thiess*, 18 Wis., 528; *Tomlinson v. Wallace*, 16 id., 224; *Taft v. Kessel*, id., 273; *Morse v. Gilman*, 18 id., 373; *Congar v. Chamberlain*, 14 id., 258; *Graves v. The State*, 12 id., 591; *Somervail v. Gillies*, 31 id., 152; *Thomas v. Mitchell*, 27 id., 414; *Decker v. Matthews*, 12 N. Y., 313; *Caldwell v. Murphy*, 11 id., 416; *Howland v. Willets*, 9 id., 170; *Ayrault v. Pacific Bank*, 47 id., 570. Nor will such exception be good if taken to "each and every part" of the charge. *Caldwell v. Murphy, supra; Stone v. Western Transp. Co.*, 38 N. Y., 240; *Newell v. Doty*, 33 id., 83; *Acker v. Ledyard*, 8 id., 62; *Jones v. Osgood*, 6 id., 233; *Murray v. Smith*, 1 Duer, 412; *Potter v. Seymour*, 4 Bosw., 140; *Nevins v. Bay State Co.*, id., 225; *Hamlin v. Haight*, 32 Wis., 237; *Thomas v. Mitchell*, 27 id., 414; *Paggeott v. Sexton*, 23 id., 195; *Eldred v. The Oconto Company*, 30 id., 206. 4. The objection to the measure of damages cannot be raised here, not having been taken in the court below. *Tomlinson v. Wallace*, 16 Wis., 224; *Yates v. Shepardson*, 27 id., 238; *Levin v. Russel*, 42 N. Y., 251; *Buffalo & N. Y. R. R. Co. v. Brainard*, 9 id., 100; *Brookman v. Hammill*, 54 Barb., 209; *Meyers v. Fiegel*, 7 Rob., 34. 5. The charge

as to the measure of damages was correct. *Ganson v. Madigan*, 13 Wis., 67, 72; *S. C.*, 15 id., 145; *Chapman v. Ingram*, 30 id., 290; *Coit v. Houston*, 3 Johns. Cas., 243; *Slingerland v. Morse*, 8 Johns., 474; *Sands v. Taylor*, 5 id., 395; *Lamb v. Lathrop*, 13 Wend., 95; *Bement v. Smith*, 15 id., 493; *Des Arts v. Leggett*, 16 N. Y., 582; 53 id., 426; 7 Cow., 110; *Westfall v. Peacock*, 63 Barb., 209; 12 Mass., 300; 3 Parsons on Con., 208–9. 6. The appellant has never before made any objection to the mode of delivery, and has waived his right to make it. Broom's Leg. Max., 182–185; 2 Story's Eq. Jur., 736; 3 Johns., 596; *Stanton v. Small*, 3 Sandf., 230; *Gibson v. Stevens*, 8 How. (U. S.), 384; *Hayden v. Demets*, 53 N. Y., 426. 7. The law is well settled that in such cases as this the vendor has three remedies; one of which is to consider the property that of the vendee, subject to his call or order, and then he recovers the contract price, and the property vests in the vendee 3 Parsons on Con. (6th ed.), 208–9; *Westfall v. Peacock, supra; Dunstan v. McAndrew*, 44 N. Y., 72; *Pollen v. LeRoy*, 30 id., 549; *Lewis v. Greider*, 49 Barb., 606; Sedgw. on Dam. (6th ed.), 336; *Hayden v. Demets, supra;* 2 Kent's Com., 492, 495; Story on Sales, §§ 300, 317.

LYON, J. Some exceptions on behalf of the defendant were taken on the trial to the rulings of the court on objections to the admission of testimony; but they are unimportant, and were not relied upon by the learned counsel for the defendant as grounds for reversing the judgment. Those exceptions require no further notice.

During the term at which the cause was tried, counsel for the defendant filed an exception "to each and every part of the judge's charge to the jury." Under repeated decisions of this court, if the charge is correct in any material particular, such an exception is entirely insufficient to authorize us, on appeal, to review the charge. That this charge is correct in several material particulars, cannot be doubted. One of these will be

mentioned hereafter.    *Eldred v. The Oconto Co.*, 33 Wis., 133,
and cases cited.

The act of 1874, ch. 194, does not remove the difficulty.    It
provides that, " in actions hereafter tried, either party may, at
any time before the close of the court at which the action is
tried, except to any part of the judge's charge to the jury, and
such exceptions may be incorporated into the bill of exceptions
and reviewed the same as if made before the jury retires."
Sec. 2.    The act relates only to the *time* of taking exceptions,
and leaves the law in respect to the necessity of making such
exceptions specific, as it stood before the act was passed.    We
said in *Eldred v. The Oconto Co.*, that the rule requiring excep-
tions to the charge to be specific, was something more than a
mere formal rule of practice or procedure ; that it involved a
substantial right.    It is none the less so since the legislation of
1874.    If there be error in the charge, a specific exception will
direct the attention of the court and prevailing party thereto ;
and, on seeing the error, the court will set aside the verdict and
award a new trial, thus saving the cost and delay of an appeal
to this court to correct such error.    We should not be justified
in forcing a construction of any statute which would give it an
effect beyond what the legislature has expressed or clearly in-
tended ; much less can we do so in the present case, where the
statute under consideration breaks down an old, well settled,
and, as we believe, a most salutary rule of law.

Neither is the difficulty removed by the motion for a new trial.
That was a general motion on the minutes, and stated no rea-
sons why a new trial should have been granted.    Whether it
was made upon exceptions, or for insufficient evidence, or for
excessive damages (R. S., ch. 132, sec. 16), the record does not
inform us.    Had the motion specified that some particular por-
tion of the charge was erroneous, inasmuch as it was made dur-
ing the term at which the action was tried, it might, perhaps,
have been treated as a valid exception to such portion, enabling
us to review it on appeal.    But the motion as made did not en-

large or add to the exceptions previously taken, and cannot benefit the defendant on this appeal. On this subject see *Hoey v. Hoey*, 36 Conn., 386; *Waggoner v. Liston*, 37 Ind., 357; *Cheek v. The State*, id., 533; *Eden v. Lingenfelter*, 39 id., 19; *Bartlett v. Lewis*, 58 Me., 350. It must be held, therefore, that there is no valid exception to the charge of the court, and hence, that we cannot review it. We regret this, for we have very grave doubts whether, under the circumstances of the case, the correct rule of damages was given to the jury. But, for reasons already stated, the error (if it is error) is beyond our reach.

The testimony tends to show that there were some sticks of unmerchantable wood in some of the piles set apart and marked for the defendant, but that those piles contained the required quantity of merchantable wood. On this testimony two instructions were asked by defendant's counsel, and refused, and due exceptions taken to such refusal. The proposed instructions are as follows:

"If the jury find from the evidence that the wood piled up for the defendant, and tendered to or set apart and marked for him, was not all merchantable wood, fit and suitable for the purpose intended by the parties, as called for by the contract, the plaintiff cannot recover, and you must find for the defendant.

"The defendant has a right to have the 200 cords of wood suitable for the purpose intended in the contract, in a pile or piles separate by itself; and if the suitable wood was piled in piles with unsuitable wood, the defendant could not be required to assort it to get out that which was suitable and fit for the purpose called for by the contract."

On the same subject the court instructed the jury as follows: "The wood measured and offered to be delivered must have been good merchantable wood. If you find from the evidence that it was not good merchantable wood, then it was not a compliance with the implied terms of the agreement, and the plaintiff cannot recover."

The proposed instructions are objectionable in that, had they been given, and had the jury found that there was *any* unmerchantable wood in any of the piles, no matter how small or insignificant the quantity, a verdict for the defendant would have been inevitable. It seems to us that the court gave the correct rule of law on the subject, and properly refused to give the proposed instructions.

Finding no error in the record which we can review and correct on this appeal, we must affirm the judgment of the circuit court.

*By the Court.* — Judgment affirmed.