BAILEY vs. THE TOWN OF SPRING LAKE.

*September 29 — October 14, 1884.*

HIGHWAYS. *(1-3) Actual notice of defect: Burden of proof: Instructions to jury: Material error: Special verdict.*
PRACTICE: APPEAL. *(4) Exception held sufficient.*

1. In an action for injuries from a defective highway, if actual notice to the town officers of the defect is relied upon, the burden of showing it is upon the plaintiff; and where there is no evidence whatever of such notice the jury should be instructed that none was proved.
2. Although, in such a case. the question of actual notice was not submitted to the jury, a refusal to instruct the jury that no actual notice was proved, taken in connection with an instruction that it did not appear whether one of the supervisors had actual notice or not, and a refusal to instruct as to the burden of proof, is *held* to have had a tendency to influence the jury in its finding upon the question whether the defect had existed so long before the accident that the officers of the town ought, under all the circumstances, to have known of it.
3. The absence of a railing or barrier at the side of a road passing a ravine not having had anything to do with causing the accident, the submission to the jury of the question whether the absence of such railing was an insufficiency in the highway, as a controlling question in the case, is *held* a material error although the jury disagreed upon that question. The determination of other questions submitted may have been influenced thereby.
4. A motion for a new trial on the ground, among others, that the court erred in its charge to the jury in relation to the question of notice to the defendant of the existence of the defect causing the accident, was denied, and the defendant excepted to such ruling. *Held*, that this was sufficient to bring up that part of the charge for review.

APPEAL from the Circuit Court for *Chippewa* County.
This action was brought to recover damages for personal injuries to the plaintiff, alleged to have been caused by a defect or insufficiency of a public highway in the defendant town. The highway in question passes down a hill, and is

excavated along the hillside so as to leave a bank on one side and a valley or ravine on the other. The plaintiff, with seven others, was being driven down this hill in a carriage or hack, when the wheels of the vehicle dropped into a rut or washout on the lower side of the track, which caused it to upset, and thereby the plaintiff received the injuries complained of. This occurred on the morning of Monday, August 1, 1881. No railing or barrier had been placed along the lower side of the track at the point of the accident. No proof was given on the trial tending to show that the overseer of the road-district in which the highway is situated, or either of the supervisors of the town, had actual notice, before the accident, of the existence of the rut or washout in the highway. There was considerable evidence tending to show that it was caused by a rain which fell during the Friday night next preceding the accident.

On the trial the circuit judge submitted certain specific questions to the jury, which, with the answers of the jury thereto, are as follows:

" 1. Besides the hole or sunken place which existed in the traveled track at the time and place of the accident, and which, it is conceded, constituted a defect and insufficiency in the highway, was the road at that place also otherwise insufficient for the want of a barrier or fence on the southerly side of the traveled track at the place of the accident? _A._ We cannot agree on this question.

" 2. Had the insufficiency on account of the hole in the traveled track existed so long before the accident that the proper officers of the town, under all the circumstances of the case, in the exercise of reasonable diligence, ought to have known the condition of the road in that respect, and to have repaired it before the time of the accident? _A._ Yes.

" 3. At the time the team and vehicle came to the place in the road where the accident occurred, and in the attempt to

Bailey vs. The Town of Spring Lake.

pass along that place, was the driver in the exercise of that ordinary care which men of common prudence would exercise under like circumstances? *A.* Yes.

" 4. What is the amount of damages which the plaintiff has sustained on account of injuries received by him by reason of such insufficiency in the highway in · question? *A.* $750."

The court denied a motion for a new trial, and judgment was entered for the plaintiff pursuant to the verdict. The defendant appeals from the judgment.

[One of the grounds upon which the motion for a new trial was based, was as follows: " 4th. That the court erred in its charge to the jury in relation to the question of notice to defendant of the existence of the defect causing the accident, to which defendant duly excepted." To the order denying the motion the defendant excepted.]

*R. H. Start*, for the appellant.

For the respondent there were briefs by *Robert Macauley* and *Gilson, Smith & Haugen*, and oral argument by *Mr. Gilson.*

LYON, J. I. The first question which will be considered is raised by the instructions to the jury upon the subject of notice to the proper town officers of the defect in the highway. Two of the supervisors — one of whom was the overseer of highways in the district in which the highway in question was situated — testified that they had no knowledge, at the time the plaintiff was injured, of the existence of the hole in the highway which caused the carriage to upset. There is no affirmative evidence that either of the supervisors had any actual notice of the existence of such defect in the highway until after the plaintiff was injured. The court refused to instruct the jury, as requested on behalf of the plaintiff, that the evidence was insufficient to warrant them in presuming that said overseer, or any of

said supervisors, had actual notice of the defect. On this subject the court charged the jury as follows: "As to the insufficiency in the road existing on account of the hole in the traveled track, into which the evidence is that the wheel of the carriage dropped as they were passing along,— as to that you will inquire whether the supervisors of the town had notice of the condition of the highway in that respect, and had notice for a length of time sufficient before the accident to enable them to put it in repair. There is evidence, if I recollect it right, that two of the supervisors did not have notice, and that the overseer of the district did not have notice. The town is presumed to have three supervisors. Whether the other one did have notice or not does not appear. When I say did not have notice, in this connection, I mean did not have express notice."

Undoubtedly the burden of proof was with the plaintiff to show express notice to the town officers of the defect, if he relied upon the existence of such notice. There being no proof of any such express notice, the jury should have been instructed that none was proved. *Spaulding v. C. & N. W. R'y Co.* 33 Wis. 582, and cases there cited.

But it may be said that this error is immaterial because the question of actual notice of the defect to the town officers was not submitted to the jury. True, it was not. Yet the instruction upon that subject may have had an important, perhaps a controlling, influence in the finding of the jury upon the second question submitted to them. That question is whether the defect in the highway had existed so long before the accident that the proper officers of the town, under all the circumstances of the case, in the exercise of reasonable diligence, ought to have known the condition of the highway, and to have repaired it before the accident.

The jury might well have understood the charge of the judge to authorize them to find actual notice to the super-

visor who did not deny such notice; and more especially so when he had refused (presumably in the hearing of the jury) to instruct them that on the question of actual notice the burden of proof was upon the plaintiff. If such was not the practical significance of the charge, the observations of the judge above quoted would seem to have no application to any issue in the case. Hence it may be that the jurors were of the opinion that one of the supervisors had actual notice of the defect in the highway. If they so found, the fact of such notice became one of the "circumstances of the case" which they were directed to consider in their finding upon the second question submitted to them. Finding such actual notice, the jury would have no difficulty in finding that sufficient time had elapsed after the highway became defective, and before the accident, for the town officers, in the exercise of reasonable diligence, to have learned of the defect. Notice to one supervisor of the defect is notice to all of them and to the town. The jury may have reasoned that because the supervisors (or, what is the same thing, one of them) had actual notice of the defect, therefore a sufficient time had elapsed for them to ascertain the fact, when, had they been told that the absence of actual notice was a verity in the case, they might have answered the second question in the negative, which would have prevented a recovery in the action.

We conclude, therefore, that the portion of the charge above quoted is erroneous, and the jury may have been misled thereby to the prejudice of the defendant town.

It is objected, however, that there is no sufficient exception to the charge in that behalf. The learned circuit judge in his charge discussed this subject of notice, constructive as well as actual, at considerable length. All this portion of the charge is covered by a single exception. This exception may be too broad to be of any avail to the defendant under the rule which prevails in this state on that subject. But in

the motion for a new trial, which was made and disposed of at the trial term, a somewhat more specific exception was made to this portion of the charge. We are inclined to think that the portion of the charge above quoted is sufficiently excepted to under the rule of *Wells v. Perkins,* 43 Wis. 160.

II. It has already been stated that there was no railing or barrier on the lower side of the highway at the place of the accident. The testimony of the plaintiff, which proves this fact, was duly excepted to by the defendant. In his charge the court said to the jury: "I shall leave it to you to determine whether the want of a barrier or fence on the southerly side of the traveled track at the place of the accident constituted an insufficiency in the highway such as would render travel unsafe, and which it was the duty of the proper officers of the town to have remedied, or which it was their duty not to have left in that way."

The presence or absence of the barrier at the point indicated had nothing to do with causing the accident, and has no connection whatever with this case. It was clearly error to submit the question to the jury whether the absence of a barrier was an insufficiency of the highway. The court went further and instructed the jury that if they found it was an insufficiency or defect in the highway, and also found that the driver of the carriage was in the exercise of ordinary care when the accident happened, the plaintiff was entitled to recover. Thus this irrelevant question of fact was made a controlling question in the determination of the cause. True, the jury disagreed on the first question submitted to them. Hence they did not find whether the want of a barrier was or was not a defect in the highway; but the fact that there was a disagreement presupposes that some of the jurors were of the opinion that the highway was defective in that respect.

We cannot know to what extent the minds of those jurors

might have been affected by that opinion in the determination of the other propositions submitted to them; but it seems reasonable to believe that a juror who thought the want of a barrier was a defect in the highway, and who believed that the driver of the vehicle was free from negligence, might more readily concur with his brethren in finding that the town was chargeable with notice of the defect, than he would were the question of the barrier eliminated from the case. The portion of the charge now under consideration was also duly excepted to on behalf of the defendant.

For the reasons above suggested there must be another trial of the action. Several other alleged errors were earnestly argued by the learned counsel, but we do not think it necessary to determine them here.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.