SLOTEMAN, Respondent, vs. THOMAS & WENTWORTH MANU-
FACTURING COMPANY, Appellant.

69  499
f102 248,

*September 27 — October 11, 1887.*

*Appeal: Counterclaim and setoff: Motion for new trial.*

1. A finding of fact by a jury, upon evidence which, though conflict-
ing, tends to support it, will not be disturbed on appeal.

2. In an action by a married woman for the use of and for an injury
to a wagon, which she claims to have bought from her husband,
the defendant cannot counterclaim or set off a demand against the
husband on the ground that he had no notice of the sale of the
wagon to her, at least where he does not show that he acted on
the belief that the husband was the owner.

3. A motion for a new trial on the minutes, under sec. 2878, R. S.,
based upon the ground that the verdict is contrary to evidence and
contrary to law, will not raise the question of excessive damages.
It should specifically assign that ground.

APPEAL from the County Court of *Milwaukee* County.
The action was brought to recover for the use of a de-
livery wagon alleged to belong to the plaintiff, and for cer-
tain injuries thereto. The answer admits the use of the
wagon, and a small part of the injury charged, but alleges
that the wagon is the property of one O. T. Sloteman, and
contains a counterclaim for an account against the latter.
The trial resulted in a verdict and judgment for the plaint-
iff, awarding her $21 for the use of the wagon, and $25 for
damages thereto. A motion for a new trial was denied,
and judgment entered for the plaintiff pursuant to the ver-
dict. The defendant appeals from the judgment.

The cause was submitted for the appellant upon the brief
of *Dey & Friend.* They contended that the plaintiff's title
was not sustained by the evidence, and that the verdict was
excessive. The defendant's setoff against the plaintiff's hus-
band was admissible because she had permitted him to act
as the owner of the wagon. Story on Agency (2d ed.),
secs. 404, 420.

*John M. Connolly*, for the respondent, argued that the verdict was fully supported by the evidence, and was conclusive. *Krause v. Cutting*, 32 Wis. 687; *Eldred v. Oconto Co.* 33 id. 133; *Kuehn v. Wilson*, 13 id. 104; *Knox v. Bigelow*, 15 id. 416. The setoff was not admissible.

LYON, J. 1. The question of the ownership of the wagon was litigated upon the trial, and the testimony bearing upon it was somewhat conflicting; yet it tended to show that the wagon belonged to the plaintiff. The jury have found that it belonged to her, and we cannot disturb that finding.

. 2. It is claimed that the damages allowed for injuries to the wagon were excessive. We are inclined to think that the allowance thereof is a little too large, but we have not examined this question carefully, because we are of the opinion that it cannot properly be raised on this appeal. Sec. 2878, R. S., authorizes a motion for a new trial on the minutes of the trial judge, " upon exceptions; or because the verdict is contrary to law, or contrary to evidence, or for excessive or inadequate damages." The motion in this case (which was upon the minutes) specified, as grounds therefor, that the verdict was contrary to evidence and contrary to law, but did not claim that the damages were excessive. We think that ground for a new trial should have been specifically assigned in the motion, and that it is not sufficient merely to allege that the verdict is contrary to the evidence. The latter allegation goes to the whole verdict, while the objection that the damages were excessive goes only to a portion thereof.

· 3. The wagon in question had formerly belonged to Otto Sloteman, the husband of the plaintiff, and the defendant had no notice, before using it, that he had sold it to his wife. It is now claimed that for this reason the defendant should be allowed to set off against the plaintiff's claim its

demand against her husband. There might be some force in the position did it appear that the defendant acted on the belief that the wagon still belonged to the husband. But it does not so appear. There is nothing in the case to show that the ownership of the wagon was of any importance to the defendant, or that it would have acted differently in any respect had it known that the plaintiff was the owner. The court properly rejected the proposed setoff.

The foregoing views dispose of all the alleged errors adversely to the defendant.

*By the Court.*— The judgment of the county court is affirmed.

