Green vs. Hanson.

exception to the order and finding of the court dismissing the appeal from the taxation of costs by the clerk, and the costs.   Such a general exception does not bring before us for review the ruling of the court upon any specific item of costs.  *Luedtke v. Jeffery, ante,* p. 136.

*By the Court.*— The judgment of the circuit court is affirmed.

GREEN, Respondent, vs. HANSON, Appellant.

*February 7 — March 5, 1895.*

(1) *Entire contract: Preventing performance.*   (2) *Appeal: Exceptions.*

1. The evidence in this case is *held* to sustain a finding by the jury to the effect that defendant prevented a full performance by plaintiff of an entire contract to move certain buildings for a specified sum.
2. A general exception to the entire charge to the jury is of no avail when any part of the charge is correct.

APPEAL from a judgment of the county court of Fond du Lac county: A. E. RICHTER, Judge. *Affirmed.*

Action on contract.   The defendant employed the plaintiff to move a house, barn, and two sheds for $50 for the entire job.   The plaintiff moved the house and barn, but did not move the sheds.   Plaintiff claims that he was ready to move the sheds, but that defendant requested him to wait for a time, and agreed that he (defendant) would notify him (plaintiff) when he wanted the sheds moved, and that he never notified him, but moved the sheds himself.   The defendant denies that he requested any delay in the removal of the sheds, or that he agreed to notify plaintiff when he wanted the sheds moved, and claims that plaintiff abandoned the job, and that he (defendant) was thereby forced to move the sheds himself.   It appeared that $20 had been

paid on the contract, and this action was brought to recover the balance due on the contract. A verdict for the plaintiff for $30.42 was rendered, and from judgment thereon defendant appealed.

For the appellant there was a brief by *Phelps & Watson,* and oral argument by *J. W. Watson.*

*De W. C. Priest,* for the respondent.

WINSLOW, J.    The contract to move the buildings was entire, and the plaintiff could not recover upon it without fully completing it, unless full performance was excused or prevented by the defendant. Whether the defendant did prevent the plaintiff from completing the contract was the question litigated, and upon that question the evidence was conflicting. No errors in the rulings upon testimony are claimed. The jury found, upon sufficient evidence, that the defendant did prevent the full performance of the contract.

There are no exceptions to the charge, save a general exception to the entire charge. This is of no avail when any part of the charge is correct, and there can be no doubt as to the correctness of the greater part of the charge.

*By the Court.*— Judgment affirmed.