WILLIAMS, Appellant, vs. WILLIAMS, Respondent.

*January 31 — February 21, 1899.*

(1, 3) *Practice: Motion for new trial: Issues.* (2) *Fraud: Evidence.*

1. A motion to set aside a verdict and grant a new trial should state the grounds of the motion, and the record should show that it was made at the same term at which the trial was had.

2. In an action to recover moneys alleged to have been advanced by plaintiff for the purchase of securities which were assigned to the defendant, the plaintiff acknowledged that he received the money from the defendant's husband, since deceased, but claimed that it was paid to him by the deceased in satisfaction of a debt contracted seventeen years previously. *Held*, that such claim might be met by proof of the fact that plaintiff had for years been in straitened circumstances while the deceased had ample means and property, such evidence tending to show that the claim was fraudulent.

3. A plaintiff who, at the trial, bases his claim on facts different from those alleged in his complaint, thereby opening the door to an inquiry respecting such facts, cannot complain that the issue so tried was not within the pleadings.

APPEAL from a judgment of the circuit court for Ashland county: E. W. HELMS, Judge. *Affirmed.*

The issues in this action, as shown by the pleadings, may be stated as follows: That on October 18, 1894, acting for the defendant, plaintiff purchased from one John Thompson certain notes and a chattel mortgage of the Ashland News Company and others, and that he paid therefor, for the defendant, the sum of $1,517.50; that said mortgage was duly assigned to defendant, and that defendant had not paid the plaintiff therefor. The answer admits that defendant became the owner of said mortgage, but alleges that the consideration therefor was paid by one D. A. Williams, defendant's husband, and that, in an action instituted by her to recover possession of the mortgaged property, the plaintiff paid to her the sum of $1,088.34, the balance due thereon.

The chief question litigated on the trial was whether the money paid by the plaintiff for the assignment of this mortgage was the money of plaintiff, or money of his brother, D. A. Williams, defendant's husband. The plaintiff admitted that he received the money paid by him for the mortgage, from his brother, but claimed that it was paid to him on a debt his brother owed him, of some seventeen years' standing. Considerable testimony was given as to plaintiff's rela-

Williams vs. Williams.

tions with his brother, and as to his financial standing, since the incurring of such alleged indebtedness.

The jury found a verdict for the defendant, and from the judgment for costs against him the plaintiff appeals.

For the appellant there was a brief by *Cate, Sanborn, Lamoreux & Park,* and oral argument by *A. W. Sanborn.*

For the respondent there was a brief by *Lamoreux & Shea,* and oral argument by *W. F. Shea.*

Bardeen, J. The chief ground for complaint against the judgment in this action is that the verdict was against the evidence, and that the real issue in the case was obscured by the introduction of immaterial and irrelevant testimony. Unless it can be said that plaintiff was prejudiced by the introduction of improper testimony, he has no reasonable ground for complaint. There is ample evidence in the case to support the jury's conclusion. The point is made that this question is not before us, as not being raised by the record. The bill of exceptions shows that "plaintiff moved to set aside the verdict and grant a new trial," which motion was denied and excepted to. No ground for the motion is stated. `Sec. 2878, Stats. 1898, would seem to contemplate that the grounds of the motion must be stated, and that the record should show that it was made at the same term at which the trial is had. Without determining whether an omission to state the grounds upon which a motion for new trial is based leaves the party without remedy, or whether a failure of the record to show that the motion was made at the same term at which the trial is had would be fatal, as against the motion, we suggest that proper practice demands that both those facts should appear. In view of what was said by this court in *Nisbet v. Gill,* 38 Wis. 657; and *Sloteman v. Thomas & W. Mfg. Co.* 69 Wis. 499, the necessity of stating the grounds of such motion would seem to be manifest.

The main question litigated on the trial was whether the money paid for the chattel mortgage in question was plaintiff's money or money belonging to his brother.   The plaintiff admitted that the money paid for the assignment of this mortgage was received from his brother, defendant's husband.   His claim was that his brother paid him this money on a debt incurred in 1876 and the following two years. The fact being admitted that the money paid for this mortgage was furnished by D. A. Williams, and that the assignment of the same was to his wife, the defendant, it devolved upon the plaintiff to show his title and interest.   This he attempted to do by showing that the money used to pay for this mortgage was paid to him upon a debt over seventeen years old.   The fact that D. A. Williams was dead, the venerable age of his alleged indebtedness, the fact that plaintiff had for years been in straitened financial circumstances, while his brother had ample money and property and might have paid him, coupled with the circumstances surrounding the parties for some years prior to this date, gave rise to a suspicion that his claim was fraudulent.   The death of one of the parties to the transaction made it necessary for the defendant to meet the plaintiff's claim with proof of his financial condition and the circumstances and relations of the brothers during the time this debt was claimed to be a subsisting obligation.   This was the best evidence possible under the circumstances.   Considered in the light of the attendant facts, the claim was in itself suspicious.   The defendant insisted that the claim was fraudulent.   This court early adopted the rule that in cases involving fraud a considerable latitude should be allowed in the introduction of evidence.   *Jones v. Lake,* 2 Wis. 210. And the court will at all times permit a full and exhaustive examination of the parties on all questions which have a bearing on the good faith of the transaction. *Kalk v. Fielding,* 50 Wis. 339.

But the plaintiff claims that these facts were beyond the issue made by the pleadings.   He alleged that, acting as the agent of defendant, he advanced certain moneys to her use. When he comes to the proof, he denies the agency and claims that the transaction was his own, although admitting that the money paid came from his brother.   To recover, he was compelled to show that *his* money paid for the mortgage, and in that way he opened the door to an inquiry as to the *bona fides* of his claim.   The defendant has just ground to claim that the issue tried was not within the pleadings, but the plaintiff, having opened the door, is in no position to make complaint.   We have carefully reviewed the testimony and the objections thereto raised by the plaintiff, and are unable to discover any reversible error.

*By the Court.*— The judgment of the circuit court is affirmed.