GRABOWSKI, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 20—December 12, 1905.*

*Criminal law and practice: Appeal and error: Sufficiency of exceptions: Cross-examination of defendant: Indecent assault on child: Intimidation of complainant: Remarks of court: Evidence: Husband and wife: Waiver of incompetency: Declarations: Prior offenses: Redirect examination: Rebuttal: Remarks of prosecutor: Proof of venue: Instructions to jury: Exceptions: Motion for new trial: Evidence of good character.*

1. The question whether irrelevant and improper questions were permitted on the cross-examination of the defendant cannot be considered on writ of error unless proper exceptions were taken.

2. A statement in the bill of exceptions that "during this cross-examination there were objections made and exceptions taken to the admission of testimony and rulings of the court," does not show any available exception if any portion of the cross-examination was proper.

3. On cross-examination of the defendant, after he had testified that he had seen his lawyer, and that he had taken two men with him as witnesses to his father-in-law's house, where his wife was stopping, ostensibly to get her to come back and live with him, and that he had the two witnesses then in court to testify that he was kicked out of the house, he was asked: "You were building up your case rather than to get your wife back, were you not?" *Held*, that an objection to this question was properly overruled.

4. Where on a trial for taking indecent liberties with the person of a female child the defendant was in the presence and hearing of the child during her examination as to her qualifications to testify, it was not error to refuse to permit him to be "right near her" during such examination.

5. It was not error for the court in such a case to tell the child, who said she was afraid of the defendant, that she "need not be afraid of him or anybody else," and that nobody was going to hurt her.

6. Testimony of the defendant as to what his wife, who was not a witness in the case, told him or what he heard her say, was properly excluded.

7. Refusal to accept a waiver by both parties, near the close of the testimony, of the question of the incompetency of the defendant's wife to testify, was proper.

8. Testimony on behalf of the defendant as to what the witness heard defendant say or what was said by the accused or anybody else in the presence of the child, was properly excluded.

9. On a trial for taking indecent liberties with the person of a female child, evidence of similar conduct of defendant with the child a short time prior to the time in question was admissible as tending to show motive and intent.

10. It was not error in such case, on redirect examination of the child, to permit her to testify that the reason she told defendant that what she had said about his committing the offense was all a lie was that she was afraid he would kill her.

11. Where defendant had testified, on his direct examination in his own behalf, as to what took place between his wife and himself at the time in question, he could not complain that a witness testified in rebuttal as to what conduct or language he saw and heard between defendant and his wife at that time.

12. The prosecuting attorney, on offering in rebuttal the testimony of a physician that he had examined defendant's wife, stated that the testimony was proper as impeaching defendant in swearing that he had not abused his wife. The testimony was excluded. *Held*, that the remark of the attorney did not constitute error.

13. Testimony of defendant that his place of residence, at which the evidence showed the offense to have been committed if at all, was on Brady street "in the city of Milwaukee, county of Milwaukee, and state of Wisconsin," sufficiently proved the venue.

14. A statement in the bill of exceptions that all instructions requested by defendant, eight in number, were refused, "to which refusal proper exceptions were duly taken," does not show any available exception to the refusal to give any one of such instructions, especially where there is confessedly no error in the refusal to give some of them.

15. A statement in the bill of exceptions that "exceptions were taken" to all of the charge to the jury, does not show any proper or available exception.

16. Exceptions to the charge to the jury, which were filed but not incorporated into the bill of exceptions so as to become a part of the record, cannot be considered on writ of error.

17. In order that there may be a review of a particular portion of the charge to the jury there must be a specific objection to it or the motion for a new trial must specifically point out the objectionable portion of the charge as a ground upon which the new trial was sought.

18. It is error, in a criminal case, to instruct the jury that the office of evidence of good character is not to create doubts of guilt, but merely to assist the jury in solving doubts.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge. *Affirmed.*

*W. B. Rubin,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *A. C. Titus,* assistant attorney general, and oral argument by *Mr. Titus.*

CASSODAY, C. J. The plaintiff in error was convicted of having, on December 14, 1904, taken improper and indecent liberties with the person of one Franceska Heine, a female

person of the age of about ten years, of Polish parentage, contrary to the statute, and was sentenced to imprisonment in the house of correction for the term of two years. Sec. 4588a, Stats. 1898. It appears, and is undisputed, that the accused was at the time twenty-four years of age, conducting a saloon where he lived with his family, consisting of his wife and three children. His wife was the aunt of the little girl, who, after school hours, came to their house about 4 o'clock in the afternoon of the day named to take care of the little children, as she had done before. Soon after she came the accused had occasion to try on a new shirt which his wife had purchased for him and which he found to be too small. Thereupon the accused directed his wife to take the shirt back to the store and exchange it for a larger one. She did so, and while she was absent, according to the testimony of the little girl, the offense was committed. Soon after the wife returned the little girl told her what had happened and then left for her home. Thereupon the wife called the plaintiff in error aside and accused him of the offense, for which he was soon after arrested. The evidence in support of the conviction consists of the testimony of the little girl, the circumstances attending the alleged transaction, and the conduct and admissions of the accused at the time and subsequently.

1. Counsel for the accused insists that the evidence is insufficient to sustain the verdict, and he urges the improbability of the offense having been committed upon twelve different grounds. After careful consideration we are unable to find in any, or all of them together, any substantial reason for holding that the verdict is not sustained by the evidence. Nor do we feel called upon to discuss in detail any of them. It follows that the verdict must stand, unless the judgment is to be reversed for one or more of the numerous errors assigned.

2. Error is assigned for improper cross-examination of the accused. It appears that after five witnesses on the part of

the defense had given testimony tending to prove that the ac-
·cused was a man of good character, and after the accused had
been examined by his counsel, he was cross-examined by the
state at great length, and several of the questions put to him
on such cross-examination were irrelevant, extraneous, and
tended to degrade and excite prejudice against him in the
minds of the jurymen. But the difficulty with this assign-
ment of error is that no proper exception was taken to such ir-
relevant cross-examination, and hence the same is not here
for review. Such cross-examination covered ten typewritten
pages. Only two objections or exceptions are mentioned
therein. After the accused had testified that he had seen his
lawyer, and that he had taken two men with him as witnesses
to his father-in-law's house, where his wife was stopping, os-
tensibly to get her to come back and live with him, and that
he had the two witnesses then in court to testify that he was
kicked out of the house, he was asked this question: "You
were building up your case rather than to get your wife back,
were you not?" That was objected to, and the objection was
·overruled and an exception taken. We perceive no error in
such ruling under the circumstances mentioned. Besides, it
·does not appear from the record that the question was ever
answered. The only other mention of any objection or excep-
tion to any portion of such cross-examination is the following
statement in writing at the close thereof: "During this cross-
·examination there were objections made and exceptions taken
to admission of testimony and rulings of the court." This is
altogether too general to be of service as an objection or an
exception to any particular portion of such cross-examination,
and certainly there were portions of it that were relevant and
proper.

3. Error is assigned because the court refused to allow the
accused to be in the presence and hearing of the little girl dur-
ing the examination of her by the court, not under oath, as to
her qualifications to testify. What actually occurred, as ap-

pears from the bill of exceptions, is to the effect that the little girl was called as a witness by the state, and stepped "up to the court's desk" with the accused "right near her," whereupon the court ordered the accused away, to which his counsel excepted, because the court refused to have the accused in the hearing of the little girl at the time, to which the court said: "That is not true at all. The court has directed the defendant to sit down during the examination of this witness." Counsel for the accused then said: "And I ask that the defendant be present. The Court: He is present. (The defendant sitting at table, the girl speaking low, the defendant's attorney not understanding the Polish language.)" Thus it appears from the statement of the municipal judge, in settling the bill of exceptions, that the accused was in the presence and hearing of the little girl during such examination; and there was no error in the refusal of the court to allow him to be "right near her" during such examination. Such examination of the little girl by the court was through an interpreter from English into Polish, and from Polish into English. The trial court reached the conclusion that she understood the nature of the oath and that it required her to tell the truth; that she would tell the truth; that she always told the priest the truth; that she thought she might be sent to jail if she told a lie in court. Exception was taken because she was then told by the court: "When you are sworn as a witness you must not be afraid. There ain't nobody here going to hurt you at all, and, when you are asked any question you don't understand, don't answer it until you understand it." She then said she was "afraid of him." Then the court said: "You need not be afraid of him or anybody else. There ain't anybody going to hurt you." We find no error in such preliminary examination nor in such instructions.

4. Error is assigned for remarks made by the court during the trial. Counsel submits thirteen excerpts from the record of such remarks, but fails to give the circumstances under

which they were respectively made. Some of such remarks
were by way of inquiry of the counsel or the witness; some as
to the relevancy or irrelevancy of testimony. Some of such
remarks were favorable to the accused. Only two of the thir-
teen excerpts were objected or excepted to. In referring to
the portion of the record cited to each of such excerpts, we
fail to find any error prejudicial to the accused. It was the
plain duty of the presiding judge to keep the examination and
cross-examination of witnesses within the rules of evidence,
and to keep counsel on both sides within proper bounds. The
performance of such duty necessarily required him to speak
in the presence of the jury.

5. Error is assigned because the court excluded testimony
of the accused as to what his wife told him or as to what he
heard her say. She was not a witness in the case. With cer-
tain exceptions not here involved she was not competent to be
a witness in the case either for or against her husband. *Car-
ney v. Gleissner,* 58 Wis. 674, 17 N. W. 398; *Smith v. Mer-
rill,* 75 Wis. 461, 462, 44 N. W. 759; *Crawford v. State,* 98
Wis. 623, 74 N. W. 537; *Miller v. State,* 106 Wis. 156, 162,
81 N. W. 1020; *Kraimer v. State,* 117 Wis. 350, 352, 353,
93 N. W. 1097. Much less were her statements or declara-
tions competent evidence. So the court properly excluded re-
ceipts of the wife to the accused for the same reason. So the
court properly excluded testimony offered on the part of the
defense as to what the witness heard any of the parties say, or
what he heard the accused say, or what was said either by the
accused or anybody else in the presence of the little girl. So
there was no error in striking out the testimony of the accused
to the effect that Dr. Sure told him that he had no right to
go into the house where the little girl was without being called
there. The evidence so excluded was mere hearsay. Near
the close of the testimony the defense again attempted to
prove what the wife said to the witness about the accused, and
it was excluded. Thereupon the district attorney and the ac-

cused offered to waive the question of the wife's incompetency to testify, but the court very properly refused to accept such waiver, especially at that stage of the trial.

6. Error is assigned because the court admitted testimony of the little girl as to the accused taking indecent liberties with her person a short time prior to the time in question. Such evidence was clearly admissible, as tending to prove the motive and intent of the accused in doing the acts complained of. *Benedict v. State,* 14 Wis. 423; *Proper v. State,* 85 Wis. 615, 628–631, 51 N. W. 1035; *Lanphere v. State,* 114 Wis. 193, 200, 201, 89 N. W. 128; *Bannen v. State,* 115 Wis. 317, 330, 331, 91 N. W. 107, 965; 4 Elliott, Evidence, § 2720, and cases there cited. So there was no error in allowing the little girl, on redirect examination, to testify to the effect that the reason why she told the accused that what she had said about his committing the offense was all a lie was because she was afraid he would kill her. On rebuttal a witness for the state was asked what conduct or language he saw and heard between the accused and his wife when he went to the saloon at the time in question. In overruling the objection to the question the court said: "It is only relevant by reason of the testimony given by the defendant on this subject." Having opened the door for the admission of such testimony the accused is in no position to take exception thereto. *Schissler v. State,* 122 Wis. 365, 372, 373, 99 N. W. 593. Counsel contends that it was only on cross-examination of the accused that such testimony was adduced. But in the direct examination of the accused he testified as to what took place between him and his wife back of the bar in the saloon after his wife and the little girl came downstairs. The state, on rebuttal, sought to prove by a physician that he had examined the wife of the accused, and what he had examined her for. On objection being made, the district attorney insisted that the testimony was proper as impeaching the accused in swearing "that he had not abused his wife," and thereupon the objec-

tion was sustained.    Such ruling was in favor of the accused. We perceive no ground of criticism in such remarks of the district attorney.

7. Error is assigned on the ground that the state failed to prove the venue.    When asked by the court, the "defendant's counsel refused to state in what respect proof is lacking." He now insists that the only evidence upon that proposition found in the record is where the little girl said that she had been more than once at the house of the accused, and "that was here in Milwaukee on Brady street."    He then discusses at length that such proof was insufficient, citing numerous adjudications.    Without determining the question, it is enough here to say that the accused himself testified that, when this charge upon which he was arrested was preferred against him, he "lived on Brady street," and that that was "in the city of Milwaukee, county of Milwaukee, and state of Wisconsin." There is certainly an opportunity for more care and accuracy on the part of counsel.

8. Error is assigned for refusing to instruct the jury as requested.    The bill of exceptions contains eight instructions, numbered from 1 to 8 consecutively, so requested by counsel for the accused, but contains no specific exception to the court's refusal to give any of such instructions.    The only exception to such refusal is after the eighth, and is as follows: "All of which were refused, except as given in general charge, to which refusal proper exceptions were duly taken."    Such exceptions are altogether too general to answer the purpose of an exception to the refusal to give any one of such instructions, as often declared by this court.    Especially is this so where, as here, five of such requests to instruct are confessedly without merit, since no error is assigned for the refusal to give them.    So far as the motion for a new trial was based upon such refusal to instruct, it was equally general and inefficient, and was as follows: "Because the court erred in refusing to instruct the jury as requested by the said defendant

in each of his instructions to the jury," and "in refusing all of said instructions." Besides, the three instructions upon which errors are assigned were either defective and improper or given in the general charge.

9. Three errors are assigned in charging the jury. The charge consists of six and one-half typewritten pages, and there is no specific exception to any portion of it. The only exception is at the end of the charge, as follows: "To all of which exceptions were taken." The inefficiency of this as an exception has been declared so often as not to require reiteration. *Green v. Hanson,* 89 Wis. 597, 62 N. W. 408. In answer to this suggestion on the part of the state counsel for the accused says that he "filed proper exceptions, within the proper time, to such instructions, . . . which are a part of the record in this case." But such exceptions were no part of the record, because they were never incorporated into the bill of exceptions. The rule of this court declares what the record should contain, and that it should *"not* be accompanied by any affidavit, account, document, writing, or other matter not constituting a part of the record proper or *made such by the bill of exceptions."* Rule VII½. The exceptions so filed must be regarded as a mere fugitive paper, which this court has no right to consider. Another answer of counsel to such suggestion of the state is that "such exceptions were incorporated in defendant's written motion for a new trial, and specifically made a part of the bill of exceptions, and specifically set forth and assigned as reasons for a new trial in separate paragraphs." The motion for a new trial was based upon thirteen different grounds, therein stated. The general character of the two relating to the refusal to instruct the jury as requested has already been mentioned and need not be here repeated. Only two of the three portions of the charge assigned as error are mentioned in such motion, and they differ materially from the two as given in the assignment of errors;

and they both differ materially from the portions of the
charge they respectively purport to represent. Such depar-
tures from the record are not permissible. The portion of the
charge first so referred to in the motion for a new trial as
given to the jury is as follows:

"Together with the other testimony in this case, the defend-
ant has offered testimony, and it has been received, concern-
ing and touching his reputation or character as a respectable
man in the community in which he lives. You have heard
that testimony. It has been given in evidence with the wit-
nesses before you, and I may say to you that evidence of good
character is always receivable in a court of law, where a per-
son is charged with the commission of a crime, and sometimes
it proves a very important part of the testimony, as, for in-
stance, in a case that depends entirely upon circumstantial
evidence, or where the testimony as to the commission of the
crime or offense is very contradictory. In such cases the tes-
timony might be very important. Sometimes in such a case
the testimony of good character would turn the scale in favor
of the defendant. But, in a case where the testimony is di-
rect and positive as to the commission of the offense, it is not
of so much weight—not of so much value. Still it is to be
considered by the jury, and to be given by them all the weight
they believe it entitled to receive. It should be considered in
connection with all of the other testimony and circumstances
surrounding the alleged commission of the offense. I might
say to you, however, that the office of good character is not to
create doubts of guilt. It is simply to assist the jury in solv-
ing doubts."

Much of this portion of the charge is favorable to the ac-
cused, and furnished no ground for objection or exception.
The last sentence of this portion of the charge was erroneous,
within the ruling of this court in *Schutz v. State,* 125 Wis.
452, 104 N. W. 90, 92. But there was no specific objection
or exception to such portion of the charge, nor to the marred
phraseology of it as contained in the motion for a new trial.
The other portion of the charge, referred to in the motion for

a new trial and the assignment of errors, including in italics the portion omitted from such motion and such assignment, reads as follows:

"Under the laws of this state the defendant is a competent witness in his own behalf. Notwithstanding that fact, however, the jury have a right to consider his situation, his interest in the result of the trial, the temptation that exists under the circumstances to testify falsely, and everything appearing in the case bearing on his credibility; and it is your duty to give his testimony just such weight as you believe it entitled to receive. It should be considered in connection with all of the other evidence in the case, *and the same tests that are applied to his testimony for the purpose of determining its credibility should be applied to the testimony of each and every other witness.*"

Certainly this charge, as so given, is not open to the criticism of discriminating against a single witness, as claimed by counsel in *Schutz v. State,* 125 Wis. 452, 104 N. W. 90, 93, and cases there cited. The portion of the charge as so given was proper.

A motion for a new trial during the term, based upon the minutes of the court, does not obviate the necessity of specific objections or exceptions to the portions of the charge sought to be reviewed. It was held by this court many years ago that:

"A general motion, on the minutes, for a new trial, where the record does not show whether it was made on exceptions, or for insufficient evidence, or for excessive damages, will not enable this court to review the charge. If such a motion (which must be made during the trial term) should specify that some particular portion of the charge was erroneous, it might, perhaps, be treated as a valid exception to that portion, and enable this court to review it on appeal." *Nisbet v. Gill,* 38 Wis. 657.

In *Wells v. Perkins,* 43 Wis. 160, 163–165, the motion for a new trial specifically pointed out the portion of the charge to which exception was taken; and the court held that that

was sufficient to bring up for review that portion of the charge. That case was distinguished in a later case in the same volume, in which it was held that where "an instruction stated the rule of damages in other respects correctly, and added that interest might be allowed from the date of the injury, an exception 'to said instruction, and to each and every part thereof,' " was "not sufficiently specific to raise the question whether the time for which interest might be allowed was correctly stated." And in the opinion of the court it was "observed that the grounds assigned therefor in the motion for a new trial" were "equally general, and the exception to the order denying the motion" did "not aid the defective exception" to the charge. *Dean v. C. & N. W. R. Co.* 43 Wis. 305, 310. So it has been held that a motion for a new trial at the same term, based in whole or in part upon alleged errors in specific instructions, brings up such instructions for review upon appeal from the judgment rendered upon the verdict. *Barkow v. Sanger,* 47 Wis. 500, 502, 503, 3 N. W. 16. See, also, *Bailey v. Spring Lake,* 61 Wis. 227, 231, 232, 20 N. W. 920; *Sloteman v. Thomas & W. Mfg. Co.* 69 Wis. 499, 34 N. W. 225; *Williams v. Williams,* 102 Wis. 246, 248, 78 N. W. 419.

It follows from these authorities that, in order for this court to review a particular portion of a charge to the jury, there must be a specific exception thereto, or, in the absence of such specific exception, the motion for a new trial must specifically point out the objectionable portion of such charge as a ground upon which the new trial was sought. We find no reversible error in the record.

*By the Court.*—The judgment of the municipal court of Milwaukee county is affirmed.