## THE PEOPLE v. ANGELO JASSINO.

*Criminal law—Evidence of good character—Instructions.*

1. Evidence of good character is admissible not only in a case where doubt otherwise exists, but may be offered for the purpose of creating a doubt; citing *People v. Garbutt*, 17 Mich. 9; *Hamilton v. People*, 29 Id. 195.

2. It is error to instruct the jury in a criminal case that a man's good character is a valuable thing under all circumstances; that it is proper evidence to be considered by the jury in doubtful cases to determine whether or not a man having that good character would commit the offense charged; that it often avails, and should avail, to acquit a man under such circumstances; but that, when there is positive proof of the commission of an offense, good character cannot avail to overthrow that proof.

Error to Houghton. (Hubbell, J.) Submitted on briefs April 26, 1894. Decided June 2, 1894.

Respondent was convicted of an assault with intent to

do great bodily harm, less than the crime of murder, and sentenced to imprisonment in the Marquette prison for 5 years. Judgment reversed, and new trial ordered. The facts are stated in the opinion.

*W. F. Riggs,* for respondent.

*A. A. Ellis,* Attorney General, and *A. T. Streeter,* Prosecuting Attorney, for the people.

MONTGOMERY, J.   The respondent was convicted of an assault with intent to do great bodily harm, less than the crime of murder.

Error is assigned on a portion of the charge relating to the proof of good character, which is as follows:

"Now, the good character of this respondent has been put in question. A man's good character is a valuable thing under all circumstances, and it is proper evidence to be considered by a jury in doubtful cases to determine whether or not a man having that good character would commit such an offense. It often avails, and should avail, to acquit a man under such circumstances; but when there is positive proof of the commission of an offense, then good character cannot avail to overthrow that proof."

The respondent's counsel had requested an instruction as follows:

"The jury have the right to give the defendant's reputation, proved, such weight as they think it entitled to."

We think the charge as given by the court on its own motion is erroneous. By the instruction above quoted the respondent was denied the benefit of proof of good character if the jury should find positive evidence tending to show the commission of the offense. Evidence of good character is admissible not only in a case where doubt otherwise exists, but may be offered for the purpose of creating a doubt. See *People v. Garbutt,* 17 Mich. 9, and *Hamilton v. People,* 29 Id. 195.

Exception is also taken to the following extract from the charge of the court:

"It is not necessary, when a blow is given, and where anything like a deadly weapon is used,—such a weapon as would inflict great bodily harm,—it is not incumbent upon the people—I mean it is not necessary for them—to show the specific intent with which the act was done."

Standing by itself, the language quoted would be subject to just criticism, but an examination of the charge, taken as a whole, satisfies us that it was the purpose of the judge to instruct the jury that the question of intent was a question of fact, and that an inference of intent might be drawn by the jury from the use of a deadly weapon. This inference is one which the jury must draw if convinced that, under all the circumstances of the case, it is justifiable; and such, we think, was the fair import of the instruction of the court. Another portion of his charge to the jury reads as follows:

"In arriving at the intent, if you find that the assault and battery was made, the question is whether it was made in such a way or in such a manner that you can find from the testimony—infer—the intent with which it was made."

We think there are no other questions presented which are likely to arise upon a new trial of the case.

The judgment will be set aside, and a new trial ordered.

The other Justices concurred.