# STATE v. BROWN.

No. 2163.    Decided May 5, 1911 (115 Pac. 994).

1. FORGERY—INDICTMENT—VARIANCE—NAMES.  Under Comp. Laws 1907, section 4738, making erroneous allegation as to name of a person injured immaterial where an offense is definitely identified, in a forgery trial there was no fatal variance between allegation that the bank defrauded was "the Commercial National Bank" and proof that the bank's corporate name was "Commercial National Bank of Salt Lake City."  (Page 141.)

2. CRIMINAL LAW—INSTRUCTIONS—ACCUSED'S GOOD CHARACTER.  Accused is entitled to an instruction to consider all the evidence, including evidence of good character, and to acquit if the evidence of good character, alone or with the other evidence, creates a reasonable doubt as to accused's guilt.  (Page 160.)

3. CRIMINAL LAW—INSTRUCTIONS—ACCUSED'S GOOD CHARACTER.  Instructions that, no matter how conclusively the other evidence considered by itself might point to guilt, proof of good character might create a reasonable doubt, where doubt would not otherwise exist, and might lead the jury to believe, in view of the probabilities, that one of such good character would not be guilty and the other evidence was not true, or that the witnesses in some way might be mistaken; that good character is an important fact with every man, and never more so than when he is on trial for an offense rendered improbable by a uniform course of life, etc., were properly refused as being argumentative and otherwise improper.[1]  (Page 161.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Arthur Brown was convicted of forgery and he appeals.

AFFIRMED.

See, also, 36 Utah 46, 102 Pac. 641.

*Powers* and *Marioneaux* for appellant.

*A. R. Barnes,* Attorney-General, for the State.

---

[1] State v. Van Kuran, 25 Utah, 8, 69 Pac. 60.

STRAUP, J.

The defendant was convicted of the crime of passing a forged instrument. In the information the person defrauded, and upon whom the forged instrument was passed, was alleged to be "the Commercial National Bank, a corporation duly organized and existing under and by virtue of the laws of the United States." The instrument, as alleged, was a certificate of deposit issued at Salt Lake City, by the "Commercial National Bank," payable to A. M. Bartholdi, whose name was forged on the back thereof, which instrument the defendant, with knowledge of the forged indorsement, presented to the bank at Salt Lake City for payment.

The proof showed that the corporate name of the bank was the "Commercial National Bank of Salt Lake City." This, it is urged, constituted a fatal variance. I think not. Upon the record it is very clearly made to appear that the defendant well knew that the corporation to which the proof related was that to which the information referred. The alleged variance in no manner affected the identity of the bank. Neither the court nor the jury, nor the defendant, could have been at any loss, because of the alleged variance, to understand or determine what bank or corporation was referred to. Proof was also made that the bank was generally known by the name of the "Commercial National Bank," and that the defendant, at the time of the offense, was, and prior thereto had been, one of its employees. We have a statute (Comp. Laws 1907, section 4738) which provides that "when an offense shall involve the commission of, or an attempt to commit, a private injury, and shall have been described with sufficient certainty in other respects to identity the act, an erroneous allegation as to the person injured, or intended to be injured, shall not be material." Because of this statute, and under the circumstances disclosed, the mistake in the name of the bank cannot be deemed material. (*People v. Potter,* 35 Cal. 110; *People v. Hughes,* 29 Cal. 258.) I think the bank was so described in the information as to admit of no mistake on the trial, or in the future, as to its identity. (*Common-*

*wealth v. Jacobs,* 152 Mass. 276, 25 N. E. 463; *Davis v. State,* 105 Ga. 808, 32 S. E. 158.)

The defendant placed his previous good character in evidence. Considerable testimony was given tending to support it. No evidence was given to dispute it. The defendant requested the court to charge as follows: "The jury are instructed that the law in a criminal case clothes the defendant with the presumption of innocence; and, when the proof tends to overthrow this presumption and to fix upon such defendant the presumption of guilt, the latter is permitted to support the original presumption of innocence by proof of good character. Such good character, when proven, is a circumstance tending, in a greater or lesser degree, to establish his innocence. It is of value not only in doubtful cases, but also when the testimony tends very strongly to establish the guilt of the accused. When proven it is a fact in the case, and it is not to be put aside by the jury in order to ascertain if the other facts and circumstances considered in themselves do not establish the defendant's guilt beyond a reasonable doubt; but such good character, if proven, should be considered by the jury in connection with all the other testimony in the case and not independently thereof, and the guilt or innocence of the defendant determined from all the testimony in the case. *And when so considered, no matter how conclusively the other evidence in the case considered by itself may point to the guilt of the defendant, such good character, if proven, may be sufficient to create a reasonable doubt of defendant's guilt, and, too, where such doubt would not otherwise exist but for such good character, and it may lead the jury to believe, in view of the probabilities, that a person of such good character would not be guilty of the offense charged, and that the other evidence in the case is not true, or that the witnesses in some way may be mistaken therein."* The court gave the request, except the portion italicized.

The defendant also requested the court to charge that: "Your are further instructed that good character is an important fact with every man, and never more so than when

he is on trial charged with an offense which is rendered improbable in the last degree by a uniform course of life wholly in consistent with any such crime. There are cases —and it is for you to say what weight it shall have in this case—where it becomes a man's sole dependence, and yet may prove sufficient to outweigh testimony of the most positive character. The most clear and convincing cases are sometimes satisfactorily rebutted by it and a life of unblemished integrity becomes a complete shield of protection against what otherwise may appear to be a proof of guilt. Good character may not only raise a doubt of guilt which could not otherwise exist, but it may bring conviction of innocence. In every criminal trial it is a fact which the defendant is at liberty to put in evidence, and, being in, the jury have the right to give it such weight as they think it entitled to." This request the court refused.

The portion of the first request given by the court was the only charge given on the question of good character. The refusal of the court to charge as requested is assigned as error. The questions presented by this assignment are: (1) When evidence of previous good character is adduced, is it the duty of the court, when requested, to charge on the subject or question of good character? (2) If so, what is meant by that? (3) Was that duty properly discharged? (4) If not, was the defendant harmed?

A few courts have held that it is not proper to charge at all on the question or subject of good character on the theory that to do so is singling out and charging on the weight and effect of evidence, and is invading the province of the jury. Were it not that jurors can hardly be expected to properly apply evidence of good character, understand the purpose for which it may be considered and the legal effect which they may give to it, and of the dangers of incorrect inferences and illogical conclusions from jurors, if not aided by the court, there would be much force to this theory. But for the reasons suggested, courts, with substantial unanimity, have held that it is the duty of the court when requested, to charge on the subject or question of good character. The

first question may, therefore, readily be answered in the affirmative.

Now what is meant by it? The undoubted meaning is to state to the jury the rules applicable to that kind of evidence, the purpose for which it may be considered by them, and the legal effect which they in their judgment may give to it.

Proof of good character, in the particular that it is indirect, as distinguished from direct or positive evidence, is not unlike other evidence which is merely circumstantial. In criminal cases the rule in this, as in most jurisdictions, is that, where an essential fact is claimed to be established by circumstances, it is the duty of the court, if requested, to state to the jury the legal principles or rules applicable to that kind of evidence. As the courts say, this is for the reason that a jury of inexperienced laymen, without assistance from the court, could hardly be expected to apply the rules applicable to that kind of evidence, and, if not so instructed and warned, there is danger of incorrect inferences and illogical conclusions from jurors. (*People v. Scott,* 10 Utah 217, 37 Pac. 335; 2 Colby, Crim. L. 175.) So, too, a jury of inexperienced laymen can hardly be expected to apply the rules applicable to evidence of good character, or to know the purpose or object for which it may properly be considered by them, or the effect which they, in their judgment, may give to it, without assistance from the court. Unless properly instructed and warned, there is danger of incorrect inferences or illogical conclusions from jurors, either for or against the accused. When positive or direct evidence is adduced tending to show that the accused did or did not commit the alleged criminating acts, jurors can, without the aid of the court, readily apply it. When evidence of good character is adduced, the inquiry may very naturally arise to the inexperienced layman sitting as a juror: In what way does that tend to disprove, or controvert, or weigh against positive and direct testimony of the state, or tend to show that it is improbable, or untruthful, or for what purpose may it be considered and what effect given it? Or, after a submission of the case to the jury,

and after considering and deliberating upon all of the evidence, certain jurors might entertain a reasonable doubt, as to the defendant's guilt, created by and based upon proof alone of good character, yet might be persuaded to a conviction of the defendant's guilt upon the fallacious conclusion, or erroneous assumption of the law, that a juror, against positive and direct evidence of guilt, is not justified, in any case, to entertain a reasonable doubt so created and supported by good character alone. But the law, as repeatedly declared by the courts, is that good character, which, as expressed by the Georgia court (*Shropshire v. State,* 81 Ga. 592, 8 S. E. 450), "in this day of large fortunes on the one hand, and poverty on the other, is all that many of us have," may have such probative force or effect as not only to create a reasonable doubt as to the accused's guilt, but also to lead the jury to believe that the testimony adduced against the accused is not true, or is improbable, or to outweigh or overcome evidence of the most positive character, and create a conviction of innocence. To say that the jury in their deliberation and judgment may not give such effect to it is to deny, to an extent, the value and benefit of good character as evidence.

It is seen that the court gave the portion of the first request that proof of good character should be considered by the jury in connection with all the other evidence in the case in determining the guilt or innocence of the defendant, but refused to charge, as was also requested in that request, that, when so considered, good character, if proven, may be sufficient to create a reasonable doubt of the defendant's guilt, which, without such proof, might not otherwise exist, and otherwise failed to charge the jury that good character, when considered in connection with all the other evidence in the case, may be sufficient to create such a doubt, or the legal effect which the jury in their deliberation and judgment might give to it, or the object or purpose for which they could consider it, except in support of the original presumption of innocence. To tell the jury that they should con-

sider good character in connection with all the other evidence
in the case is, as stated by the California courts (*People v.
Bell,* 49 Cal. 485), not telling them anything beyond let-
ting in the evidence. So, too, to but generally tell them that
it should be so considered in determining the guilt or inno-
cence of the defendant, is not telling them much more, for
the guilt or innocence is the ultimate thing in dispute, the
whole proposition involved in the action, *quod erat invenien-
dum,* and is not unlike telling them that they should consider
it in the case. (*People v. Doggett,* 62 Cal. 27.) Such a
charge in no particular aids or guides the jury in applying
such evidence, or in drawing inferences and conclusions from
it, or in determining the effect to be given it, and does
not avoid the dangers of incorrect inferences or illogical con-
clusions, apt to be drawn by jurors, to either acquit the de-
fendant because of previous good character regardless of
other evidence in the case, or to convict him on an erroneous
assumption that they are not justified, in any case, in enter-
taining a reasonable doubt of guilt created by or supported
by evidence of good character alone as against positive and
direct evidence of guilt. To tell them that the accused may
support the original presumption of innocence by proof of
good character, that such proof is a circumstance tending in
a greater or less degree, to establish innocence, and is of
value in doubtful as well as in strongly established cases,
is telling them something, but not enough. To limit or re-
strict the consideration of good character in support of a pre-
sumption of innocence is even more objectionable than was
the charge in the Van Kuran Case, 25 Utah 8, 69 Pac. 60,
hereafter referred to. Yet such purpose or object was the
only concrete thing for which the court informed the jury
they could consider such evidence, outside of the general
statement or admonition to consider it in connection with all
the evidence. Good character has not only an affirmative but
a negative probative force and effect. It has a probative
force and effect not only in support of a presumption of
innocence, but also in a greater or less degree to refute or
disprove the evidence adduced against the accused and to

repel the charge made against him, and might in itself be sufficient to create a reasonable doubt of guilt which but for such proof might not otherwise exist, and might even be sufficient to refute or overcome evidence adduced against him of the most positive and direct character, or to show that it was not true or was improbable. That a jury may legally give such effect to good character cannot be doubted. To deny it is but to assert that good character has value only in doubtful cases or in cases where guilt is shown only by circumstantial or indirect evidence. Whether, in a given case, upon a consideration of all the evidence, they should give such, or less, or no effect to it, as against positive or direct or other evidence of guilt, or the effect or weight that should be given to it, is alone for their determination. But, to properly determine that, they should be told the object or purpose for which such evidence could be considered, and the legal effect which they, under the law, are permitted, in their judgment, to give to it. A mere charge which admonishes the jury to consider good character in connection with all the other evidence, and which directs them that if, on a consideration of all of it, including good character, they entertain a reasonable doubt of guilt, to acquit the accused, is not charging the jury on the rules or principles of law applicable to evidence of good character, or stating the object or purpose for which it may be considered, its sufficiency as evidence to support a reasonable doubt of guilt, or the legal effect which the jury in their judgment may give to it.

Requests, not in substance, but in language identical, word for word, with that of these requests, were requested in the case of *State v. Van Kuran*, 25 Utah 8, 69 Pac. 60, and were, as I think, there approved. In that case the trial court refused the requests, and charged the jury that good character, if proven, "is a fact proper to be considered by the jury with all the other evidence in the case in determining the question whether the witnesses who have testified to facts tending to criminate him" (the defendant) have been mistaken or have testified falsely or untruthfully, and if

after a careful consideration of all the evidence, including that bearing upon his previous good character, the jury entertain any reasonable doubt of the defendant's guilt, then it is their sworn duty to acquit him." This court, on that appeal, wherein both the charge and the rulings refusing the requests were assailed, not only held that the charge was erroneous because it too narrowly restricted and confined the purpose for which good character could be considered, but also held that the court erred in refusing to give the substance of one or the other of the refused requests. The court, after referring to the requests and the charge, and upon reviewing and considering them, said that the instruction was "misleading and erroneous, for the accused had the right to have such testimony considered in determining the question of his guilt or innocence the same as any other evidence in the case. So the accused had the right to have the jury charged that, in determining whether or not he was guilty as charged in the information, beyond a reasonable doubt, his good character, so far as involved, if proven, should be considered and weighed the same as any other fact established, and *that it in itself might not only create a reasonable doubt of guilt, which might not otherwise exist, but might carry conviction of innocence.* We conclude, therefore, that the court erred in its charge as to good character, and that, at least, the substance of one or the other of the requests hereinbefore quoted and referred to should have been given." For such reasons alone the court reversed and remanded the case. Now, if the Van Kuran Case is to be followed, the only question here is: Was the substance of one or the other of the requests given in this case? For, as I have said, the requests in that and in this case were identical. I think the substance was not given. That is evident by reading the portion of the first request given and the portions refused, and by comparing the one with the other. When this is done, it is seen that the court charged the jury that the presumption of innocence may be supported by proof of good character, that such proof is a circumstance tending in a greater or less degree to establish innocence, that it is of value in

doubtful as well as in strongly established cases of guilt, and that good character, if proven, should be considered in connection with all the other evidence in the case in determining the guilt or innocence of the defendant. But nowhere did the court charge, as was also requested in the first request, that good character, when considered by the jury in connection with all the other evidence in the case, might in itself be sufficient to create a reasonable doubt as to the defendant's guilt, which, but for such proof, might not otherwise exist, and that such proof might be sufficient, when so considered, to lead the jury to believe that the defendant was not guilty of the offense charged, notwithstanding other positive and direct evidence, which, considered by itself, might conclusively point to his guilt; nor did the court charge the legal effect which they, in their judgment, could give to good character. In other words, the defendant was not given the benefit of the proposition or principle of law stated and embodied in the refused portions of the request that an accused person, although he may have adduced no evidence in his behalf except that of good character to meet, or weigh against, or refute, the evidence adduced by the state, whether strong or weak, tending to show his guilt, yet such good character, if proven, upon a consideration of all the evidence in the case, might alone be sufficient to create or support a reasonable doubt of guilt, even as against the most positive, direct, and unimpeached evidence of the state, if the jury in their judgment saw fit to give such effect to it.

It, however, is urged that the portions of the refused request were properly refused because they are argumentative, singling out a portion, and charging on the weight, of the evidence, stating mere reasons for the rule of law and misleading, because they tended to induce the jury to believe that they might be justified in acquitting the defendant on the ground alone of good character, notwithstanding their conviction of his guilt beyond a reasonable doubt upon all the evidence including that of good character. Substantially these contentions and arguments were made against this request in the Van Kuran Case. This court, in review-

ing it, did not say, nor hold, as was then, and is now, urged, that a portion of it was good and a portion bad, or that it was partly good and partly bad. This court held that the substance of one or the other of the requests ought to have been given. That does not mean a substance of a portion, but of the whole, of one or the other. This is evident, not only from the language employed, but also from the court's discussion of the principles involved and the quotations from, and citation of, the cases, especially *People v. Garbutt,* 17 Mich. 9, 97 Am. Dec. 162, and *State v. Blue,* 17 Utah 175, 53 Pac. 978. Besides, the court, in clear terms, declared and decided, not only that the charge as given was wrong, but also that "the accused had the right to have the jury charged" that good character "in itself might not only create a reasonable doubt of guilt which might not otherwise exist, but might carry a conviction of innocence." That, of course, does not mean that a trial court was required to charge the jury in that exact language, or in the particular language requested, but to charge them, if requested, the propositions or principles of law there announced. Those principles, in this as in the Van Kuran Case, were stated and embodied in the refused portions of the first request, and were not given by the trial court. If it was error not to give them in the Van Kuran Case, I do not see why it is not error to refuse them in this case. To say that a portion of the request was good and a portion bad, or a part of the refused portions good and a part of them bad, is but to reargue and retry the Van Kuran Case. The whole of the request in that, as in this case, was before the court for review. Notwithstanding the objections urged against it, there is nothing in the opinion to indicate that the court thought that it, or any part of it, was open to such objections, or that it was otherwise improper. To the contrary, the court, upon a review and consideration of the charge and the requests, in effect held that the principles stated in the charge with respect to the question or subject of good character, the purpose for which it could be considered by the jury, and the effect that could be given to it, were incorrect, and that

such propositions were in effect correctly stated in the requests, and that the substance of one or the other, ought to have been given. From the holding, I think it should be assumed that the substance of the request as a whole, not in part only, was approved, and that hence the court not only approved the portions of the request here given, but also the substance of the portions refused, not necessarily the particular language there employed, but the general statement of the principles or propositions therein stated. Had the court on the former appeal thought that the request, for the reasons urged against it, was partly good and partly bad, or that portions of it were, for any reason, improper or objectionable, it may well be assumed that the court would not have given it the general approval which was given it. I therefore think it is too late to assail this request upon the grounds urged against it, unless the ruling made on the former appeal is itself to be assailed. However, the holding there made, in approving not only the portion of the first request given, but also the substance or the general statement of the principles or propositions contained in the refused portions of such request, is supported by ample and respectable authority, as is shown by the cases there cited and referred to, and by others to which reference is also made.

In the case of *People v. Elliott,* 163 N. Y. 11, 57 N. E. 103, the trial court charged the jury as follows:

"It is true that good character weighs for something, and it should weigh when a man is charged with crime. I leave it to you to say to what extent the evidence convinces you with regard to the good character of the defendant, as to what weight that character, as it is established, should have upon your consideration of the case."

Said the Court of Appeals:

"This language is exceedingly general and is well enough so far as it goes, *but it falls short of clearly stating to the jury the weight they could, in their discretion, give to evidence of good character.* At the close of the charge the defendant's counsel requested the court to charge as follows: *'I ask the court to charge the jury that the character of the accused may be such as to create a doubt in the minds of the jury and lead them to believe, in view of*

*the improbability of a person of such character being guilty, that the other evidence is false.'* The court declined to so charge, except as charged, and the defendant duly excepted. *This refusal was obvious error,* as the defendant was entitled to have the jury distinctly instructed that good character will sometimes of itself create a doubt when without it none would exist."

In that case the defendant's counsel also requested an instruction in the following language:

*"I ask the court to charge the jury that the jury may, in the exercise of their sound judgment, give the prisoner the benefit of previous good character no matter how conclusively the other testimony may appear to be."*

The trial court, in response, charged:

"I leave it to the jury to say what weight good character should have in determining the question of the defendant's guilt or innocence. I think it is a proper subject for their consideration."

The Court of Appeals said:

*"The defendant was entitled to the charge as requested without change or comment,"* and, approvingly quoting from a prior decision (*Remsen v. People,* 43 N. Y. 8), observed: "No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, and lead them to believe, in view of the improbabilities, that a person of such character would not be guilty of the offense charged, that the other evidence in the case is false, or the witnesses mistaken."

In the case of *People v. Bell,* 49 Cal. 485, the defendant requested the court to charge that:

"If the defendant be proved of good character as a man of peace, such *good character may be sufficient to create or generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character."*

The Supreme Court said:

"This instruction embodies a proposition of law clearly correct in itself. . . . The instruction was refused by the court below 'because the court instructed the jury on the same subject.' It is true that the court did instruct the jury 'on the same subject,' but

obviously not to the same import or effect. The substituted instruction referred to by the court as a reason for refusing the instruction as asked by the prisoner is in the following words: 'The good character of the defendant is a circumstance in the case for your consideration in making up your verdict.' As was remarked by the counsel for the prisoner in argument here, 'to say that which the court said is not to add anything to the mere fact of letting the testimony in.' . . . It is important. in every criminal case . . . that the jury should be instructed, if the prisoner so request, that, in determining whether or not he is guilty beyond a reasonable doubt, his *good reputation*, if he have such, as to traits involved in the charge, should be weighed as any other fact established, and that it *may be sufficient to create a reasonable doubt as to his guilt.* Whether or not, in the particular case in hand, it would do so, was a question for the consideration of the jury in deliberating on their verdict."

In *People v. Shepardson*, 49 Cal. 629, the trial court refused to give the following instruction:

"*Evidence of good character is evidence relevant to the question of guilty or not guilty, and is to be considered by you in connection with the other facts and circumstances in the case. One object in laying it before the jury is to induce the jury to believe, from the improbability that a person of good character should have conducted himself as alleged, that there is some mistake or misrepresentation in the evidence on the part of the prosecution, and in this connection you must take it into consideration.*"

The Supreme Court said:

"*The court erred in refusing this instruction.* . . . The counsel for the prosecution does not question the soundness of the proposition, but insists that so much of the instruction as states the 'object in laying before the jury' evidence of this character is erroneous, and that for this reason the instruction, as a whole, was properly refused. He construes the instruction as stating what the 'object' of the defendant was in laying such evidence before the jury, and contends that it is· wholly immaterial what that 'object' or mental purpose was. But we do not so ,read the instruction, nor could the jury have so understood it. In stating that 'one object in laying it before the jury is to induce the jury to believe,' etc., it is clear that no reference was had to the mental purpose of the defendant in offering such evidence, but it was only a statment of one of the reasons—*the legal grounds on which and the purposes for which such evidence is admissible, in order that the jury might the more clearly comprehend its legal effect and the weight to be attached to it.*"

In the case of *People v. Doggett*, 62 Cal. 27, the trial court charged:

"Good character, when proved, is a fact to be considered by the jury, just the same as any other fact in the case is to be considered as bearing upon the question of the guilt or innocence of the accused. It has been held before, and is now held in other tribunals, that good character was only applicable in doubtful cases to turn the scales, when the jury was in doubt from the evidence as to whether a defendant was guilty or not. And our Supreme Court has said that it goes in with the mass of all the other proof, to be considered by the jury in connection with all the evidence in the case, as a substantive fact bearing, or tending to bear, upon the question of guilt or innocence."

The Supreme Court again said:

"Omitting some comments that might justly be made on this part of the charge, it is safe to say that it would be a favorable construction of it to hold that by it the court told the jury that the good character of the defendant, if proved, was a circumstance in the case for their consideration in making up their verdict. But that, as was held in *People v. Bell*, 49 Cal. 489, would not be adding anything to the mere fact of letting the testimony in regard to good character in. The defendant had the right to have the jury instructed that in determining whether or not he was guilty beyond a reasonable doubt, his *good reputation* as to traits involved in the charge, if proved, should be weighed as any other fact established, and that it *might be sufficient to create a reasonable doubt as to his guilt.* (*People v. Bell, supra; People v. Raina*, 45 Cal. 292; *People v. Asche*, 44 Cal. 291)."

These California cases, in my judgment, have not been modified nor overruled in the case of *People v. Bowman*, 81 Cal. 566, 22 Pac. 917. To the conrtary, they have since been cited with approval by the same court in the case of *People v. French*, 137 Cal. 218, 69 Pac. 1063.

In the case of *State v. Cushing*, 14 Wash. 527, 45 Pac. 145, 53 Am. St. Rep. 883, the court said:

"We think it too well settled to admit of any doubt or controversy that a defendant in a criminal case may introduce evidence as to his good character as a fact to weigh in his favor, *and that he is entitled, if he requests it, to have the jury advised as to the weight to be given such evidence.*"

In the case of *Edgington v. United States,* 164 U. S. 361, 17 Sup. Ct. 72, 41 L. Ed. 467, the court said:

"The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although without it the other evidence would be convincing."

To the same effect are also the cases of *People v. Jackson,* 182 N. Y. 66, 74 N. E. 565; *People v. Hughson,* 154 N. Y. 153, 47 N. E. 1092; *Commonwealth v. Eckerd,* 174 Pa. 137, 34 Atl. 305; *Grabowski v. State,* 126 Wis. 447, 105 N. W. 805; *Newsom v. State,* 107 Ala. 133, 18 South. 206; *State v. Birkey,* 122 Iowa 102, 97 N. W. 980; *Commonwealth v. Leonard,* 140 Mass. 473, 4 N. E. 96, 54 Am. St. Rep. 485; *Howell v. State,* 124 Ga. 698, 52 S. E. 649; *People v. McArron,* 121 Mich. 1, 79 N. W. 944.

Whatever conflict may be in the cases with respect to the particular question in hand, still it is very evident that the ruling announced in the Van Kuran Case, not only as to the portion of the first request given, but also the substance of the portions refused, is supported by good, and, as I think, the weight of, authority. The statements of such propositions, while not perhaps stated in the request in the best language, nor in some particulars, in terms entirely free from objections of nice refinements, yet sufficient to experience no difficulty in comprehending them, and when considered in substance, not unsound in principle, were directed to the purpose or object for which the jury could consider good character, the effect which they, in their deliberation and judgment might give to it, *and the sufficiency of it, as evidence, to create or support a reasonable doubt of guilt.* A jury, not guided or instructed in such particulars, might be led to believe, as even some have thought and declared, that, as against positive and direct evidence of the alleged criminating acts, proof of good character is of little value or benefit, or might erroneously assume that good character alone is not sufficient even to support, or upon which to base, a reasonable doubt of guilt, or that it has no legal proba-

tive value to disprove or overcome positive evidence; or might fall into another equally fallacious conclusion that the accused should be acquitted because of such proof, regardless of other facts and circumstances in evidence. If to aid the jury in such particular is objectionable because singling out evidence and charging on the weight of it, then were portions of the request given by the court equally open to such objections. To assert that leads to the conclusion that the court should not charge at all on the subject of good character or the rules applicable to that kind of evidence, which is contrary to most all the authorities. The repeated holdings of the courts, from an early day to this, that it is the duty of the court in a criminal case to charge on the subject or question of good character, when requested, and when there is evidence of such fact, surely mean something more than merely telling the jury not to consider it independently of, but in connection with, all the evidence, and to acquit the defendant if upon all the evidence they entertain a reasonable doubt of his guilt. What is meant by them is to state to the jury the principles or rules applicable to that kind of evidence, or the purpose or object for which it may be considered and the legal effect that might be given to it, to aid them in properly considering and applying it and in determining the effect that they, in their judgment, should give to it. That duty is not discharged by stating to them but a part of such purpose or effect. Why say a charge that good character tends to support the original presumption of innocence, and is a circumstance tending in a greater or less degree to establish innocence and may be considered for such purpose, is not argumentative, nor singling out and charging on the weight of the evidence, nor stating mere reasons for the rule of law, but one which informs the jury that good character may also have a tendency to refute the evidence adduced against the accused or to render it improbable, and may even as against positive or apparently conclusive evidence of guilt, when considered by itself, be sufficient not only to create a reasonable doubt of guilt, but also to support a conviction of innocence, is open to such alleged objections,

and for that reason the court gave the portion of the request given and properly refused the portion which was refused? The jury had the undoubted legal right to consider good character not only for the purpose, and to give effect to it to the extent, stated in the one instance, but also for the purpose and to the extent stated in the other. I see no good reason in stating the one and withholding the other. The court was here mindful of its duty to charge on the object or purpose for which good character could be considered, and the effect that might be given to it; but in discharging it, and in giving only the portion of the proffered request which was given, and in refusing the principles embodied in the refused portions, that good character "when so considered"— in connection with all the evidence—might in itself be sufficient to create a reasonable doubt of guilt even as against evidence which, considered by itself, might conclusively point to the defendant's guilt, or lead the jury to believe that a person of such good character would not be guilty of the offense charged, or that the evidence adduced against the accused was not true or was improbable, and in refusing to instruct the jury the legal effect and weight which they, in their judgment, could give to such evidence, gave the jury the bark, and excluded the very pith, of the proffered request. I therefore think the substance of the first request ought to have been given.

Perhaps the most serious question is that of prejudice. But, in the language of the court in the case of *State v. Cushing, supra*: "What the jury would have done had they been furnished with proper lights for their guidance can only be conjectured." To my mind it is no sufficient answer to the claim of prejudice to say that the court correctly charged on the questions of presumption of innocence, reasonable doubt, reconciliation of the facts on the assumption of innocence, or on half a dozen other questions, or that the court correctly charged on the subject of character, as far as the court went. The question is: Was the defendant denied the benefit of a principle or rule of law relating or applicable to good character which he was entitled to, and what was

the effect on the result of the trial because it was not given him? The general rule, of course, is that every error is prima facie an injury to the party against whom it is made; and that where error is shown injury is presumed, and that it had an effect upon the result of the trial, unless the record affirmatively shows the contrary, or, not that probably no harm was done, but that no harm could have been or was done by the committed error. Upon the record I cannot say that no harm could have been or was done. It is very evident that neither the substance of the refused portions of the first request, nor the proposition or principle of law embodied therein, is contained in the charge. If all that a court is required to do in charging on the subject or question of good character is to admonish the jury to consider it in connection with all the evidence in the case and to direct them to acquit the defendant if upon all the evidence they entertain a reasonable doubt of guilt, then of course the defendant has no cause for complaint, for the charge was sufficient in that respect. And if, notwithstanding the ruling in the Van Kuran Case, that is the view to be taken of this case, and the rule to be adopted in this jurisdiction, then clearly no error was committed. The question of prejudice in such view does not arise. If, on the other hand, by the repeated declarations of the courts that it is the duty of the court, when requested, to charge on the subject or question of good character is meant to charge on the principles or rules applicable to that kind of evidence, or the purpose or object for which it may be considered, the legal effect which may be given it, or the sufficiency of it, as evidence, to support or create a reasonable doubt of guilt, then it is very clear that neither the substance of, nor the principles stated in, the refused portions of the first request was given, for it is very obvious that the portion of the request which the court gave is not to the same import or effect as that of the refused portions. Neither can I say that the refused portions were properly refused because some were good and others bad. To say that is again to say no error was committed. To reach that conclusion requires us to depart from the holding

in the Van Kuran Case. Nor can I say that, since the court correctly charged on the subject of good character as far as the charge goes, no harm could have been or was done because the court refused and failed to charge another proposition or principle of law relating to good character which the defendant was also entitled to have stated to the jury. The evidence in respect of the alleged criminating acts of the defendant was in direct conflict. The defendant was a witness in his own behalf and denied the alleged forgery and the passing of the forged instrument, and all other criminating acts and conduct testified to by the witnesses for the state. What the jury on such conflicting evidence would have done had they been told that good character, if proven, when considered in connection with all the other evidence in the case, might in itself be sufficient to create a reasonable doubt, which, but for such good character, might not otherwise exist, that in so considering and weighing it they could give such weight and effect to it as they in their deliberations and judgment thought it was entitled to, even to the extent of overcoming or outweighing evidence of the most positive character, cannot be ascertained from the record.

I am therefore of the opinion that the error was prejudicial, and that the judgment of the court below should be reversed and the case remanded.

However, my associates, upon the views and for the reasons expressed by them, are of the opinion that the judgment should be affirmed. The order of this court therefore is that the judgment of the court below be, and hereby is, affirmed.

FRICK, C. J.

I concur in the affirmance of the judgment. In view of the fact that I cannot agree with Mr. Justice Straup in all of his conclusions, however, I shall, as briefly as it is possible to do so, state the reasons that lead me to the foregoing conclusion.

The only serious question in the case relates to the assignment that the court erred in refusing to give the charge upon good character in the form in which it was requested by the defendant. That is to say, it is contended that the court erred because it refused to give the charge just as it was requested by the defendant. The whole charge as requested, and as given, is set forth in the opinion written by Mr. Justice Straup. It is not assigned as error, or claimed, that the court erred in giving the portion of the charge given, but it is urged that the court erred in excluding the italicized portion of the charge because it states or contains a correct principle of law upon which the defendant had a right to have the jury informed. The refusal to give the second request is also assigned as error. I shall consider the italicized charge first.

The principle of law contended for, as I understand the contention, is to the effect that, in any criminal prosecution where the accused offers proof of his previous good character, he has the legal right to have the jury informed that in determining his guilt or innocence they should consider all of the evidence in the case, including the evidence of good character, and if upon a consideration of all the evidence they entertain a reasonable doubt, or if the evidence of good character alone, when considered in connection with the other evidence as aforesaid, produces or creates a reasonable doubt in their minds of the guilt of the accused that he is entitled to the benefit of such doubt and should be acquitted. Such, in my judgment, is the law according to the great weight of authority as appears from the later decisions of the courts. While the courts are not in harmony with regard to the precise form in which the principle of law referred to should be stated, yet I think the best reasoned cases adhere to the principle as I have atempted to outline it. If evidence of good character is to be considered at all and is to be given practical effect, then it seems to me that it must be given the effect I contend for, or it will, ordinarily, have no effect whatever. If the old rule formerly adopted upon this subject shall

prevail, that such evidence can be considered only in doubt-
ful cases, then it practically is given no effect. To give it
effect, therefore, it must follow that, when considered in
connection with all the other evidence, the good character
evidence may alone be sufficient to create a doubt which leads
to the acquittal of the accused. So far, then, I fully agree
with the reasoning and conclusions reached by Mr. Justice
Straup.

But I cannot agree with him in his reasoning that the
district judge committed prejudicial error in this case be-
cause he refused to give the charge requested by the defend-
ant in its entirety. The italicized portion of the charge
which was refused by the court, while it, in legal effect, em-
bodied the principle of law I have outlined above, also con-
tained matter which, in my judgment, was improper if not
vicious. Much of what is said in that portion of the
charge is mere argument and does not state a proper        3
legal principle. I cannot agree to the proposition
contained in that portion of the charge that good character
evidence may alone be sufficient to authorize the jury to
find "that the other evidence in the case is not true," or that
they may find that for that reason alone the witnesses, or
some of them, were mistaken. This, in my judgment, is
mere argument. Nor do I think it is correct to say that the
jury may, from the good character evidence alone, find that
the other evidence is untrue. Whether any particular evi-
dence is true or false cannot be determined by merely con-
sidering some other evidence in the case by itself. Whether
certain evidence be true or false, or what weight it should
receive, must be determined from a full and fair considera-
tion of all the facts and circumstances surrounding the act or
transaction to which the evidence relates, together with the
inherent probability or improbability of its truthfulness, and
not from considering alone some other particular evidence in
the case. It might as well be contended that it would be
proper for the jury to find an accused person not guilty upon
his sole denials that he committed the offense charged against

39 Utah—11

him, when such denials are considered by themselves alone. While the jury may find an accused person not guilty upon his own denials of guilt, yet no one would contend, and no court would charge a jury, that they might arrive at that result by considering the denials of the accused alone, and that the jury, from such denials, could determine the truthfulness of the evidence produced against him. This, in effect, however, as I view it, is what the argumentative portions of the charge amount to.

Moreover, an examination of the opinion in *State v. Van Kuran,* cited by Mr. Justice Straup, discloses that the court included in the charge there given, and which was excepted to by the defendant, that part which relates to the effect the evidence of good character may have in determining the truth or falsity of the other evidence in the case. Upon this phase of the instruction, Mr. Justice Bartch, speaking for the court, said: "On the theory of this instruction, the evidence of good character could not be considered by the jury for any purpose, except for that of determining whether the witnesses for the prosecution were mistaken or had testified falsely or truthfully." It is accordingly held that this statement was liable to mislead the jury. I refer to the foregoing for the sole purpose of showing that in my judgment this court did not unqualifiedly approve the whole of the italicized portion of the instruction in question as is argued by Mr. Justice Straup. This, as I view the matter, is made more apparent still from the language used by the court in concluding the opinion, which is in the following words: "We conclude, therefore, that the court erred in its charge as to good character, and that, at least, the substance of one or the other of the requests hereinbefore quoted and referred to should have been given." This, in my judgment, falls far short of approving the argumentative portion of the instruction requested and of which the substance only was approved. But, conceding that the court in the Van Kuran Case did approve the giving of the mere argument in which was involved no legal principle, would the refusal to embody such an argument into a charge in a subsequent case, where

the legal principle was contained in the charge actually given, constitute prejudicial error? I think not, for three reasons: (1) Because mere argument never can be substituted for a legal principle; (2) if the legal principle is contained in a charge, the party objecting has obtained all he was entitled to, although the argument was omitted from the charge; and (3) because in such a case the substance of the charge has in fact been given. I am clearly of the opinion, therefore, that the argumentative portion of the instructon set forth in the opinion of Mr. Justice Straup was not approved by this court in the Van Kuran case, and that that case was reversed for the sole reason that the legal principle I have called special attention to was omitted from the charge, and not because the argumentative part of it was refused.

The contention that the court erred in refusing the second request quoted in Mr. Justice Straup's opinion is, in my opinion, not tenable in any view that may be taken. In the first place, nothing is contained in the second request that was not in the first, except mere argument. Every legal principle that was contained in the second request was covered by the first one. No prejudicial error could have resulted, therefore, from a refusal to give the second request, in view that the court had covered it in the first with the exception of that portion which I have referred to at the opening of this opinion. In view, therefore, that the court did not, in direct terms, inform the jury that the evidence of good character, when considered in connection with all the other evidence in the case, might alone be sufficient to create the reasonable doubt which requires an acquittal, the appellant might have good cause for complaint were it not for the fact that the court's omission to so charge is not reviewable by us for the reasons hereafter stated, and for the further reason that the error, in view of the whole charge as given by the court, is not prejudicial. As I have already pointed out, the error assigned is that the court refused to give the charge as requested. The rule is elementary that a court is not required to give a requested charge unless it is sound as a whole. The court is not bound to seperate the bad from the

good portions of the charge, or to give it as a whole because
it contains some sound legal principle upon which the ac-
cused has a right to have the jury informed if it also con-
tains some that are unsound. · Suppose that the court in this
case had entirely omitted to charge upon the question of
good character, and the defendant had offered no request
upon that subject. Could he now complain and have the
judgment reversed because the court had not specially
charged upon that feature of the case? I think not. Is he
in a better plight when, as in this case, he requests a charge
which, as I view it, is defective and faulty? If so, why?
The only difference between the two instances mentioned is
that in the latter the defendant requested the charge, and thus
directed the court's attention to the subject, and hence it
may be contended that the court should have charged the
jury upon that subject as well as upon other material ones
in the case. Grant this. And further grant that if the
court charges upon any subject it must charge the law cor-
rectly, and still I fail to see how the defendant can complain.
It certainly will not be contended that, even though the court
had given a wrong charge ˉupon any material question in
the case, the defendant, without an exception to such a
charge, could, nevertheless, ask a reversal of the judgment
upon the sole ground that the charge as given by the court
does not state the law correctly, or does not, as in this case,
state all the law upon that subject. This, as I view it, is in
effect the situation before us. The defendant requested
the court to charge upon a particular subject. The court
refused the request prepared by the defendant because the
request was defective in substance. He nevertheless charged
the jury upon that subject. So far as the court's charge went,
no claim is made that it is not correct; but the contention
is that the court did not go far enough and did not charge
the whole law upon the subject. In my judgment the de-
fendant cannot avail himself of any error that the court may
have committed in not charging as fully as I think would
have been proper with respect to the evidence of good char-
acter as hereinbefore stated, because he at no time requested

a proper charge upon that subject and does not complain of the charge actually given, but complains only because the whole of a bad charge offered by him was not given.

For the foregoing reasons, and in view of the whole record, including the whole charge as given by the court, I am firmly of the opinion that the judgment of conviction should be affirmed.

McCARTY, J.

The only point in the case upon which the members of the court entertain different views relates to the refusal of the trial court to charge on the question of good character as requested by defendant. That part of defendant's requested instruction No. 1, which the court refused to give to the jury, I think, was properly refused, for two reasons: First, it singles out and gives undue prominence to the evidence of good character; and, second, it is argumentative; and, in a sense, disassociates such evidence from the other facts and circumstances in the case for the consideration of the jury. Defendant's request No. 2, which the court also refused to give, contains matter of this same character which to my mind is equally as objectionable as the rejected part of his requested instruction No. 1. An instruction containing any of the objectionable elements mentioned is improper and should not be given. (11 Ency. Pl. & Pr. 142, 185; 12 Cyc. 647, 649.)

The court, at defendant's request, instructed the jury that the law in criminal cases clothes the defendant with the presumption of innocence; that, when the proof tends to overthrow this presumption, the defendant is permitted to support the original presumption of innocence with proof of good character; that such good character is a circumstance tending in a greater or less degree to establish the innocence of the defendant; that it is of value not only in doubtful cases, but also when the testimony tends very strongly to establish the guilt of the accused, and when proven it should be considered by the jury as a fact in the case, and it is not to be put aside by the jury in order to ascertain if the other facts and circumstances considered in themselves do not

establish defendant's guilt beyond a reasonable doubt, *"but such good character, if proven, should be considered by the jury in connection with all the other testimony in the case and not independently thereof and the guilt or innocence of the defendant determined from all the testimony in the case."* The court also, of its own motion, charged the jury that "to warrant a conviction of the defendant he must be proven guilty so clearly and conclusively that there is no reasonable theory upon which he can be innocent *when all the evidence of the case is considered together."* And the court further charged the jury as follows: "To warrant you in convicting the defendant, the evidence must to your minds exclude every reasonable hypothesis other than that of guilt. That is to say, if, *after an entire consideration and comparison of all the testimony in the case,* you can reasonably explain the facts given in evidence on any reasonable ground other than the guilt of the defendant, you should acquit him." (Italics mine.)

It will thus be observed that the court not only instructed the jury (as per defendant's request) in regard to the importance of evidence of good character, and that they should consider such evidence in connection with all the other testimony in the case in determining the guilt or innocence of the defendant, but reiterated, in other paragraphs of the instructions given, that to warrant a conviction of the defendant they must be satisfied from all the evidence in the case (including the evidence of good character) of his guilt beyond a reasonable doubt. I am therefore clearly of the opinion that the defendant's rights were fully protected by the instructions of the court. The charge of the court as given correctly states the law applicable to good character when proved in a case. That part of defendant's request relating to good character which the court refused to give merely states the reason for the rule. This the court was not required to do. In this state courts are required to instruct the jury "upon the law applicable to the case" (Comp. Laws 1907, section 3147); but I do not understand that they must argue the law to the jury whenever requested so to do.

There are decisions holding that, when the character of a defendant in a criminal case is proven to be good, it is error for the court, when requested so to do, not to charge the jury in the language of the rejected part of appellant's request; but the great weight of authority is that such instruction is improper and ought not be given. In *State v. Cushing,* 14 Wash. 527, 45 Pac. 145, 53 Am. St. Rep. 883, cited in the opinion in this case written by Mr. Justice Straup, the defendant having introduced evidence of his good character, his counsel requested the court to instruct the jury that defendant was entitled to have this evidence considered by them in determining the question of his guilt; that in such cases good character is proper evidence to be considered by the jury in connection with all the other evidence; and that, "in determining the guilt or innocence of the accused, *the weight to be attached to the fact of good character or reputation,* like that to be attached to every other fact in the case, *is for the jury alone to determine."* The court not only refused to give the instruction, but failed to instruct the jury at all upon the subject. On appeal the Supreme Court held that the instruction should have been given. By an examination of the opinion it will be seen that the question here presented was not involved in the case. The court, however, in the course of its decision of the case, made use of the following language: "A defendant in a criminal case may introduce evidence of his good character . . . as a fact to weigh in his favor, and that he is entitled, if he requests it, to have the jury *advised as to the weight to be given to such evidence."* (Italics mine.) The following authorities, cited by the Washington court on this point, do not, as I read them, support the conclusions announced in the opinion: 2 Thompson on Trials, 2444; *Kistler v. State,* 54 Ind. 400; *State v. Clemons,* 51 Iowa, 274, 1 N. W. 546; *McQueen v. State,* 82 Ind. 72; *People v. Laird,* 102 Mich. 135, 60 N. W. 457; *People v. Jassino,* 100 Mich. 536, 59 N. W. 230. In the case of *McQueen v. State, supra,* the instruction relating to good character was much less favorable to the defendant

than the instruction given in this case, yet the Supreme Court of Indiana held that it was sufficient; but, in stating the reasons for the rule requiring instructions on good character to be given, the court says: "Good character may sometimes turn the scale in a defendant's favor, and it is always to be considered in connection with all the other evidence in the case." And so, in the Michigan cases, the court, in stating the reasons for the rule, makes use of language similar to that used by the Indiana court. The question as to whether the court erred in giving or refusing an instruction embracing the elements contained in the instruction under consideration was not before the court in either of the cases cited by the Washington court. Furthermore, that part of the court's conclusion which I have italicized is in direct conflict with the italicized part of the instruction which undoubtedly states the correct rule. Therefore, the decision, as I read and construe it, is not an authority on the question under consideration. But, be that as it may, the same court, on another appeal of the same case (17 Wash. 544, 50 Pac. 512), had before it the identical question under consideration in this case, and said: "The court was also requested to charge the jury that good character is admissible not only in a case where doubt would otherwise exist, but may be offered for the purpose of creating a doubt. This instruction was refused, and we think rightly. It may be true, as an abstract proposition of law, as stated in *People v. Jassino,* 100 Mich. 536, 59 N. W. 230, cited by counsel, that evidence of good character may be offered for the purpose of creating a doubt; but, in our judgment, where evidence of good character has been admitted by the court and the jury charged to consider it with the other evidence in arriving at their verdict, it is not necessary for the court to further state to the jury the purpose for which such evidence *may be admitted.* The statute requires the court simply to instruct *the jury* as to the law in the case, and, when the court has done that, it is not incumbent upon it to enlighten the jury upon abstract legal propositions." And in a later case the Supreme Court passed upon this identical question (*State*

*v. Stentz,* 33 Wash. 444, 74 Pac. 588) and held adversely to
the contentions of appellant in this case. In that case the
court gave an instruction touching good character in terms
the same as the requested instruction in *State v. Cushing,*
17 Wash. 544, 50 Pac. 512, but refused to give certain in-
structions requested by defendant on the same subject. One
of these rejected instructions was as follows: "If you find
that the defendant has proved a good character, . . . the law
says that such a good character may be sufficient to create a
reasonable doubt of guilt, although no such doubt would have
existed but for such good character." The other rejected
instructions embraced the same proposition as the one set
out. The Supreme Court held that the rejected instructions
did not state the correct rule, and that the court did not err
in refusing to give them.

The case of *People v. Bell,* 49 Cal. 485, is directly in
point and supports the conclusions announced by Mr. Jus-
tice Straup, on this phase of the case; but the same court in
a subsequent decision (*People v. Bowman,* 81 Cal. 566, 22
Pac. 917) seems to have declared a different rule from the
one announced in the former case. In *People v. Bowman*
counsel for defendant requested the court to instruct the
jury that "the defendant has introduced evidence of his good
character. . . . If in the present case the good character of
the defendant . . . is proven to your satisfaction, it is to be
considered by you in connection with the other facts in the
case, and it may be sufficient to create in your minds a rea-
sonable doubt of his guilt, although no such doubt would
have existed but for such good character." The court re-
fused to give this instruction, but instructed the jury as
follows: "The defendant has introduced evidence tending
to show his good character. . . . If in the present case the
good character of the defendant . . . is proven to your satis-
faction, then such fact is to be kept in view by you in all
your deliberations, and it is to be considered by you in
connection with the other facts in the case; and if, after a
consideration of all the evidence in the case, including that
bearing upon the good character of the defendant, the jury

entertain any reasonable doubt of the defendant's guilt, then it is your duty to acquit him." In the course of the opinion the court says: "The defendant was not prejudiced. The last instruction was a clearer enunciation of the law than the first, and contained all that the defendant was entitled to have on the point. Good character must be considered in connection with all the other evidence in the case, and if the jury have a reasonable doubt of the defendant's guilt they must acquit. Thompson on Trials, 2444."

In the case of *Edgington v. United States*. 164 U. S. 361, 17 Sup. Ct. 72, 41 L. Ed. 467, the trial court charged the jury that good character "is of value . . . in conflicting cases in determining points in the case," and that "good character goes to the jury with special force whenever the commission of the crime is doubtful," and that, if the mind of the jury "hesitates on any point as to the guilt of the defendant, then you have the right and should consider the testimony given as to his good character." The Supreme Court, speaking through Justice Shiras, said: "It is impossible, we think, to read the charge without perceiving that the leading thought in the mind of the learned judge was that evidence of good character could only be considered if the rest of the evidence created a doubt of defendant's guilt." The court held that the giving of the instruction with the qualifications mentioned was error. Further along in the opinion the court said: "Whatever may have been said in some of the earlier cases, to the effect that evidence of the good character of the defendant is not to be considered unless the other evidence leaves the mind in doubt, the decided weight of authority now is that good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt. The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although without it the other evidence would be convincing." The instruction given in that case did not contain, literally nor in substance, the language used in the rejected part of appellant's request in this case.

Therefore I insist that the court was not called upon nor did it pass on the question under consideration, and that the decision is not in point on the question in controversy.

Some of the New York decisions seem to indicate that the courts of that state are committed to the rule contended for by appellant; but I have been unable to find a case where an instruction was given on good character which covers the question as completely as the instructions given in this case, in which it was held error for the court to refuse to instruct the jury, either literally or in substance, in the language of the rejected portion of appellant's request. In the case of *People v. Hughson,* 154 N. Y. 153, 47 N. E. 1092, the defendant requested the court to charge the jury that "the evidence of good character may create a doubt against positive evidence of defendant's guilt." The court replied: "It is for the jury to say. The evidence of good character is evidence which must be considered, and if, in the judgment of the jury, that good character does raise a doubt against positive evidence, they have a right to entertain that doubt, and the prisoner must have the benefit of it." The defendant alleged error, but the Court of Appeals affirmed the judgment.

In the case of *White v. United States,* 164 U. S. 100, 17 Sup. Ct. 38, 41 L. Ed. 365, the defendant requested the trial court to charge the jury that "the evidence of good character, when established by the evidence in a case, taken in connection with all the other evidence, may generate a reasonable doubt of the guilt of the defendants." The court refused to give this instruction, but charged the jury as follows: "It is admitted in this case that the defendants are men of good character, the law presuming every defendant to have a good character, and the jury may consider such character and give it such weight as they see proper, under all the evidence in the case that defendant is entitled to a reasonable doubt." The defendant excepted to the refusal of the court to charge the jury as requested. The Supreme Court, speaking through Justice Peckham, said: "When the court told the jury it was admitted that the defendant was a man of

good character, and that the jury might consider such good character and give such weight to it as they saw proper under all the evidence in the case, and that the defendant was entitled to a reasonable doubt, it was sufficient."

Pennsylvania is another jurisdiction in which the court of last resort has repeatedly held that an instruction on good character couched in the language of the one under consideration is a proper instruction. But in *Commonwealth v. Beingo,* 217 Pa. 60, 66 Atl. 153, recently decided by that court, the defendant requested the trial court to instruct the jury that "evidence of good character, in itself, by the creation of a reasonable doubt, may work the acquittal of the defendant." The court refused to give the instruction, and the defendant alleged error. On appeal the Supreme Court said:

"The law of Pennsylvania as to the weight of good character is more favorable to the accused than the common law or the law of most other states, but it has not gone so far as to give it any special prominence or superiority to the other facts in evidence in the case. The learned judge charged that evidence of character 'ordinarily comes to the court when there is a general denial. But it is none the less important, and none the less pertinent in a case of this kind where the defendant admits the killing, as bearing upon the question of whether the killing was, as the commonwealth contends, a deliberate, willful, premeditated, felonious killing, or whether, as the prisoner contends, it was done in self-defense. This kind of testimony is not to be made light of; it is not a mere makeweight thrown in to fill out a case; it is affirmative, substantive testimony to be considered by you fairly in connection with all the other evidence in the case, as bearing upon the question of whether the commonwealth has or has not established the guilt of the prisoner, as he stands charged in the indictment, beyond a reasonable doubt.' He thus, in immediate connection with the reiteration of the duty of the commonwealth to prove guilt beyond a reasonable doubt, charged the jury that good character was an affirmative and substantive fact to be considered on the whole question of guilt, including reasonable doubt. Only a lawyer racking his ingenuity to find a flaw could say that this was not an adequate, as well as accurate, statement of the law."

The case of *Newsom v. State,* 107 Ala. 133, 18 South, 206, is another case directly in point and which supports the contention of appellant on this question; but the Alabama

court, in each of the following cases, has, in unqualified terms, condemned instructions containing the propositions embraced in the rejected part of appellant's request. (*Crawford v. State,* 112 Ala. 1, 21 South. 214; *Cobb v. State,* 115 Ala. 18, 22 South. 506; *Bryant v. State,* 116 Ala. 445, 23 South. 40; *Eggleston v. State,* 129 Ala. 80, 30 South. 582, 87 Am. St. Rep. 17; *Scott v. State,* 133 Ala. 112, 32 South. 623; *Bohlman v. State,* 135 Ala. 45, 33 South. 44; *Bell v. State* 140 Ala. 57, 37 South. 281.)

The following decisions are also to the same effect: *Maclin v. State,* 44 Ark 115; *Briggs v. Commonwealth,* 82 Va. 554; *Hammond v. State,* 74 Miss. 214, 21 South. 149; *Spalding v. People,* 172 Ill. 40, 49 N. E. 993; *State v. Porter,* 32 Or. 135, 49 Pac. 964; *Heard v. State,* 9 Tex. App. 1; *Wilson v. State,* 3 Okl. Cr. 714, 109 Pac. 289; *McCall v. State,* 55 Fla. 108, 46 South. 321. See, also, *Morris v. Territory,* 1 Okl. Cr. 617, 99 Pac. 760, 101 Pac. 111; *People v. Baldocchi,* 10 Cal. App. 42, 101 Pac. 28; *Olds v. State,* 44 Fla. 453, 33 South. 296; *Langford v. State,* 33 Fla. 233, 14 South. 815; *State v. Gustafson,* 50 Iowa, 194; *Anderson v. State,* 53 South. (Miss.) 393; *State v. Alderman,* 83 Conn. 597, 78 Atl. 331; *Commonwealth v. Wilson,* 152 Mass. 12.

In *Grabowski v. State,* 126 Wis. 447, 105 N. W. 805, cited by Mr. Justice Straup, the court charged the jury touching good character in language much less favorable to the defendant than that contained in the charge actually given in this case. The concluding part of the instruction was as follows: "I may say to you, however, that the office of good character is not to create doubts of guilt. It is simply to assist the jury in solving doubts." The defendant excepted to the instruction, and, on appeal, the Supreme Court said: "Much of this portion of the charge (referring to the portion set out in the opinion in that case) is favorable to the accused and furnished no ground for objection or exception. The last sentence of this portion of the charge is erroneous." I do not think the case is in point. Be that as it may, as I read the decision, it is against, rather than

in harmony with, appellant's contention here. The Wisconsin court, however, in a later case, has passed on the precise question here under consideration. In that case (*Niezorawski v. State*, 131 Wis. 166, 111 N. W. 250) the defendant requested the court to charge the jury that the testimony of defendant's good reputation "as to his honesty and integrity . . . may be in itself sufficient to raise a doubt in your minds, a reasonable doubt as to his guilt of the crime charged in the indictment, and if you entertain such doubt you must return a verdict of not guilty." The court refused to give this instruction, but charged the jury as follows:

"Testimony has been received as to the good character of the defendant for honesty and integrity previous to the time it is alleged he committed the offense charged in the indictment. Such testimony of good reputation should be considered by you in connection with all the other evidence in the case, and, if after such consideration you entertain any reasonable doubt as to the guilt of the defendant, you must acquit him; but if, from all the evidence in the case, including the testimony as to the good reputation of the defendant, you are satisfied of his guilt beyond a reasonable doubt, then it is immaterial what his reputation has heretofore been as to honesty and integrity."

The Supreme Court said:

"The instructions requested by the defendant and refused by the court are not correct in law, and the subject thereof is much better covered in the charge given by the court. . . . The defendant had no more right to have this evidence separately pointed out by the court to the jury as such which 'may be in itself sufficient to raise a reasonable doubt' than he would have to take any other item of evidence from which an inference favorable to the defendant might be raised and call it separately to the attention of the jury with this particular comment, almost suggestion. The charge of the court on this subject shows the proper way of presenting such matters to the jury by instruction."

The reasoning of the court in that case clearly illustrates the vice of the rejected part of appellant's request in this case. And the doctrine there announced is reaffirmed in the case of *Hedges v. State* (Wis.), 128 N. W. 80.

Appellant cites and relies upon the case of *People v. Hancock,* 7 Utah, 170, 25 Pac. 1093, and *State v. Van Kuran,* 25 Utah, 8, 69 Pac. 60, as decisive of this question. In each of those cases the defendant requested the court to charge the jury substantially in the language of the rejected part of defendant's request in this case. To the refusal of the court to so charge the defendant in each case duly excepted. In the case of *People v. Hancock,* the court stated that it was of the opinion that the requested instruction should have been given or embraced in the charge of the court. I think it clearly appears from the decision that the case was not reversed because of the refusal of the trial court to give such request, but was reversed because the instruction given by the court limited the effect of the evidence of good character to doubtful cases. In *State v. Van Kuran,* the court, among other things, charged the jury that, if they believed from the evidence that "the defendant had always borne a good character, . . . then this is a fact proper to be considered by the jury, with all the other evidence, in the case, *in determining the question whether the witnesses who have testified to facts tending to criminate him have been mistaken or have testified falsely or truthfully."* (Italics mine.) This court held that the limitations thus put upon the evidence of good character was error, and reversed the case. In the last paragraph of the decision of the case the court says: "We conclude, therefore, that the court erred in its charge as to good character, and that, at least, the substance of one or the other of the requests heretofore quoted and referred to should have been given." I think it clearly appears that the case was reversed, not because of the court's refusal to charge the jury as requested, but because the instruction given in the case was erroneous. Judging from the guarded expressions of the court in referring to the requests, it would seem that it was not prepared to approve of them in the form in which they were presented. Furthermore, the instruction touching good character actually given in the case at bar contained none of the objectionable elements embraced in the instructions given in the two cases last men

tioned. Therefore I do not think these cases are decisive of the question now under discussion.

The rule in New York and Pennsylvania as to the weight that should be given evidence of good character is much more favorable to the accused than the rule declared by the courts of most other states, and yet in each of those two states the court of last resort has held that the giving of an instruction which embraces the propositions contained in the instructions actually given in this case was sufficient, and that it was not error to refuse to charge the jury in the language of the instruction under consideration. (*People v. Hughson, supra; Commonwealth v. Beingo, supra.*)

The Chief Justice, in his opinion concurring in the affirmance of the judgment tersely, and I think correctly, states the rule in the following language: "In any criminal prosecution, where the accused offers proof of his previous good character, he has the legal right to have the jury informed that in determining his guilt or innocence they should consider all the evidence in the case, including the evidence of good character, and if upon a consideration of all the evidence they entertain a reasonable doubt, or if the evidence of good character alone, when considered in connection with the other evidence as aforesaid, produces or creates a reasonable doubt in their minds of the guilt of the accused, that he is entitled to the benefit of such doubt and should be acquitted.'